ORIGINAL

Michael Scaccia
4191 West Quail Run Road
P.O. Box 9466
Pahrump, Nevada 89060
Tel: 775-537-1135
Defendant *pro se*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, | Case No.: 2:10-CV-01575-JCM-(PAL) |
| Plaintiff, | ANSWER TO COMPLAINT; AND |
| v. | DEMAND FOR JURY TRIAL |
| PAHRUMP LIFE, MAREN SCACCIA, and MICHAEL SCACCIA, | |
| Defendants. | |

Defendant Michael Scaccia ("Defendant") hereby answers the Complaint of Righthaven LLC ("Plaintiff") as set forth hereinbelow.

Preliminary Statements:

A. Upon information and belief, a process server has submitted a proof of service stating that with respect to MAREN SCACCIA that (i) Maren Scaccia's address is 4191 West Quail Run Road, Pahrump, Nevada 89060, and (ii) the process server left "the summons at the individual's place of residence or usual place of abode with MICHAEL SCACCIA HUSBAND, a person of suitable age and discretion who resides there . . . ."

This Answer to Complaint is signed by Michael Scaccia and Michael Scaccia hereby informs the Court that Maren Scaccia is not my wife, I never have referred to her as my wife, Maren Scaccia has never resided in Nevada, and that while she registered the domain name <pahrumplife.org> for Michael Scaccia, Maren Scaccia does not own the domain name or the blog that is published at the web site with that domain name, and Maren Scaccia has no involvement whatsoever with the content of that web site.

B. The first 30 paragraphs set forth below correspond to identically numbered paragraphs in Plaintiff's Complaint (the "Complaint"). For the convenience of the Court, Plaintiff's allegations are set forth in *italics*, paragraph by paragraph, with Defendant's response set forth after each paragraph.

C. Except as hereinafter expressly admitted, Defendant denies each and every allegation of the Complaint.

## NATURE OF ACTION

*Complaint Par. 1.  This is an action for copyright infringement pursuant to 17 U.S.C. § 501.*

**Defendant Michael Scaccia's Response:** Defendant admits that Plaintiff purports to bring an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

*Complaint Par. 2.  Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited- liability company with its principal place of business in Nevada.*

**Defendant Michael Scaccia's Response:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore denies same.

*Complaint Par. 3.     Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.*

**Defendant Michael Scaccia's Response:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies same.

*Complaint Par. 4.     Pahrump Life is, and has been at all times relevant to this lawsuit, an entity of unknown origin and nature.*

**Defendant Michael Scaccia's Response:** Defendant denies that Pahrump Life is or ever was an entity.

*Complaint Par. 5.     Attempts to find evidence of formal organizational status in the respective Secretary of State offices of Delaware, California, Illinois, New York, Texas, Tennessee, and Nevada demonstrate that, at least with respect to these states, Pahrump Life is not a formally organized business entity.*

**Defendant Michael Scaccia's Response:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore denies same.

1  *Complaint Par. 6.    Pahrump Life is, and has been at all times relevant to this lawsuit,*
2  *identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant,*
3  *administrative contact, and technical contact for the Internet domain found at*
4  *<pahrumplife.org> (the "Domain").*

5  **Defendant Michael Scaccia's Response:** Defendant admits that "Pahrump Life"
6  is identified by GoDaddy.com, Inc. as the registrant for the domain name "pahrumplife.org," and
7  Defendant otherwise denies the allegations of paragraph 6 of the Complaint.

8  *Complaint Par. 7.    Ms. Scaccia is, and has been at all times relevant to this lawsuit,*
9  *identified by GoDaddy as an administrative contact and technical contact for the Domain.*

10  **Defendant Michael Scaccia's Response:** Defendant admits the allegations of
11  paragraph 7 of the Complaint.

12  *Complaint Par. 8.    Mr. Scaccia reproduced an unauthorized copy of the Righthaven-*
13  *owned literary work entitled: "Warden, other employees resign from prison in escape fallout"*
14  *(the "Work"), attached hereto as Exhibit 1, and posted said unauthorized copy (the*
15  *"Infringement"), attached hereto as Exhibit 2, as part of the content accessible through the*
16  *Domain (said content accessible through the Domain known herein as the "Website").*

17  **Defendant Michael Scaccia's Response:** Defendant admits that Mr. Scaccia
18  posted the Work on the pahrumplife.org website, and Defendant otherwise denies the allegations
19  of paragraph 8 of the Complaint.

20
21
22

## JURISDICTION

*Complaint Par. 9.   This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).*

**Defendant Michael Scaccia's Response:** Defendant admits that this Court has original jurisdiction over the subject matter of this action..

*Complaint Par. 10.   Righthaven is the owner of the copyright in the Work.*

**Defendant Michael Scaccia's Response:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies same.

*Complaint Par. 11.   At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas Review-Journal.*

**Defendant Michael Scaccia's Response:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies same.

*Complaint Par. 12.   The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 12 of the Complaint.

*Complaint Par. 13.   On or about August 15, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 13 of the Complaint.

*Complaint Par. 14.* *At all times relevant to this lawsuit, the Infringement has depicted and depicts the original source publication as the Las Vegas Review-Journal.*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 14 of the Complaint.

*Complaint Par. 15.* *At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas Review-Journal.*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 15 of the Complaint.

*VENUE*

*Complaint Par. 16.* *The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.*

**Defendant Michael Scaccia's Response:** Defendant admits that venue is proper in the District of Nevada, and Defendant denies that any events about which Plaintiff complains give rise to a claim for relief.

*Complaint Par. 17.* *The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because the Defendant is subject to personal jurisdiction in Nevada.*

**Defendant Michael Scaccia's Response:** Defendant admits that Michael Scaccia is subject to personal jurisdiction in Nevada, and Defendant denies that any other party named as a defendant is subject to personal jurisdiction in Nevada.

*FACTS*

*Complaint Par. 18.   The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 18 of the Complaint.

*Complaint Par. 19.   Righthaven is the owner of the copyright in and to the Work.*

**Defendant Michael Scaccia's Response:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore denies same.

*Complaint Par. 20.   The Work was originally published on or about August 14, 2010.*

**Defendant Michael Scaccia's Response:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore denies same.

*Complaint Par. 21.   On September 9, 2010, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration to the Work, including the application, the deposit copy, and the registration fee (the "Complete Application"), Service Request No. 1-484454233, and attached hereto as Exhibit 3 is the official USCO application submittal for the Work depicting the occurrence of the Complete Application.*

**Defendant Michael Scaccia's Response:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore denies same.

*Complaint Par. 22.   On or about August 15, 2010, Mr. Scaccia posted the Infringement on the Website, and the indication of Mr. Scaccia's posting of the Infringement is depicted in Exhibit 2, wherein the Website states: "POSTED BY MICHAEL SCACCIA PAHRUMPLIFE AT 8/15/2010 02:00:00 PM," immediately beneath the Infringement.*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 22 of the Complaint.

*Complaint Par. 23.   On or about August 15, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 23 of the Complaint.

*Complaint Par. 24.   The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.*

**Defendant Michael Scaccia's Response:** Defendant admits that he did not seek permission to reproduce, display or otherwise reproduce the article titled "Warden, other employees resign from prison in escape fallout," and Defendant otherwise denies the allegations of paragraph 24 of the Complaint.

*Complaint Par. 25.   The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations of paragraph 25 of the Complaint.

*CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT*

*Complaint Par. 26.   Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 25 above.*

**Defendant Michael Scaccia's Response:** Defendant hereby incorporates by reference the foregoing responses to paragraphs 1-25 of the Complaint as if the same were fully set forth herein.

*Complaint Par. 27.   Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).*

**Defendant Michael Scaccia's Response:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and therefore denies same.

*Complaint Par. 28.   Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).*

**Defendant Michael Scaccia's Response:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and therefore denies same.

*Complaint Par. 29.   Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).*

**Defendant Michael Scaccia's Response:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and therefore denies same.

*Complaint Par. 30. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).*

**Defendant Michael Scaccia's Response:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and therefore denies same.

*Complaint Par. 31. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 31 of the Complaint.

*Complaint Par. 32. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 32 of the Complaint.

*Complaint Par. 33. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 33 of the Complaint.

1     *Complaint Par. 34.    The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 34 of the Complaint.

*Complaint Par. 35.    Pahrump Life has willfully engaged in the copyright infringement of the Work.*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 35 of the Complaint.

*Complaint Par. 36.    Ms. Scaccia has willfully engaged in the copyright infringement of the Work.*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 36 of the Complaint.

*Complaint Par. 37.    Mr. Scaccia has willfully engaged in the copyright infringement of the Work.*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 37 of the Complaint.

*Complaint Par. 38.    The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.*

**Defendant Michael Scaccia's Response:** Defendant denies the allegations contained in paragraph 38 of the Complaint.

1  *Complaint Par. 39.    Unless the Defendant is preliminarily and permanently enjoined*
2  *from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven*
3  *is thus entitled to preliminary and permanent injunctive relief against further infringement by the*
4  *Defendants of the Work, pursuant to 17 U.S.C. § 502.*

5  **Defendant Michael Scaccia's Response:**  Defendant denies the allegations
6  contained in paragraph 39 of the Complaint.

### DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

9  40.     Plaintiff has failed to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

11  41.     The person named as the author of the article titled "Warden, other employees
12  resign from prison in escape fallout" is Dave Hawkins. Upon information and belief, that Dave
13  Hawkins is the same Dave Hawkins who is the news director at radio station KGMN in
14  Kingman, Arizona. Upon information and belief KGMN is owned by New West Broadcasting
15  Systems, Inc.

16  42.     In the article, under Dave Hawkins' name this phrase appears: "Special to the Las
17  Vegas Review-Journal."

18  43.     Upon information and belief, discovery and/or other investigation will uncover
19  facts establishing that at the time the article was written, Dave Hawkins was not an employee of
20  Las Vegas Review-Journal, Stephens Media LLC, or Plaintiff Righthaven LLC. Plaintiff has
21  refused to provide any written documentation that Dave Hawkins has assigned any copyright in
22  the article to Las Vegas Review-Journal, Stephens Media LLC, or Plaintiff Righthaven LLC, or

that the article is a work that was specially ordered or commissioned for use as a contribution to a collective work and that Dave Hawkins signed a written instrument that the article was to be considered a work made for hire.

44. The application for copyright registration filed by Plaintiff, attached as Exhibit 3 to the Complaint, names Stephens Media LLC as the author, with the work being a "work made for hire." Upon information and belief, discovery and/or other investigation will uncover facts establishing that, contrary to the representation made in the application for copyright registration, the work named in the application is not a work made for hire.

45. Upon information and belief, discovery and/or other investigation will uncover facts establishing that any copyright registration issuing on the application as filed as shown in Exhibit 3 is invalid.

### THIRD AFFIRMATIVE DEFENSE

46. Defendant repeats and realleges the allegations of paragraphs 41-45 above as if the same were fully set forth herein.

47. Righthaven is not the owner of any copyright that may exist with respect to the article titled "Warden, other employees resign from prison in escape fallout."

### FOURTH AFFIRMATIVE DEFENSE

48. The article titled "Warden, other employees resign from prison in escape fallout" is a recitation of facts consisting of less than 300 words, and lacks sufficient originality of expression to be protectable by copyright.

## FIFTH AFFIRMATIVE DEFENSE

49. Defendant repeats and realleges the allegations of paragraphs 41-44 and 48 above as if the same were fully set forth herein.

50. Defendant publishes the Pahrump Life blog. The purpose of the blog is providing education and commentary about the private prison issue. Defendant cares very much about that issue and how it affects life in the Pahrump community. Neither revenues are obtained nor profits are made by the publication of the Pahrump Life blog.

51. Upon information and belief, on August 14, 2010, the article titled "Warden, other employees resign from prison in escape fallout" appeared on the web site of the Las Vegas Review-Journal, which is owned by Stephens Media LLC, the party listed as the author of the article in the application for copyright registration attached as Exhibit 3 to the Complaint.

52. The article recites facts about an escape from a private prison and consequent actions.

53. On August 14, 2010, and for a period of time extending beyond the posting on August 15, 2010 of that article on the Pahrump Life blog, the article was available on the Las Vegas Review-Journal web site to be viewed by any reader, and any reader could, directly from the Las Vegas Review-Journal website, email the article to anyone else for free.

54. The article was sent by a third party to the Pahrump Life blog by email.

55. Full attribution to Las Vegas Review-Journal and Dave Hawkins, along with a web link back to the original source of the article (i.e., to Las Vegas Review-Journal's web site) was given by Defendant in the Pahrump Life blog entry.

56. Defendant's purpose in publishing the article was to educate people in Pahrump and elsewhere about the dangers and other problems associated with private prisons.

57. Right above the article, Defendant published the following commentary:

"MTC sacks AW and Security Chief at Kingman

"Here is yet another story - told this time by the Las Vegas Review Journal - about a typical sorry 'For Profit Private Prison,' with a sorry staff, over all, exemplifying a sorry state of affairs. Understaffed, continually promising before and after the fact, breaking promises, promising to do better but clearly continuing to engender and enable riots and escapes, the For Profit Prison System is a gold mine for some and their attorneys. This should have been clear and should be, day by day, getting clearer to our commissioners who authorized the prison and its location in Pahrump Nevada right smack in the middle of town. Do they care?"

58. Defendant's publication of the article is a fair use of the article, and is not an infringement of copyright as set forth in Section 107 of Title 17 of the United States Code (17 U.S.C. § 107), which states in part,

"Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright."

### SIXTH AFFIRMATIVE DEFENSE

59. Defendant repeats and realleges the allegations of paragraphs 41-44, 48, and 50-57 above as if the same were fully set forth herein.

60. Upon information and belief, discovery and/or other investigation will uncover facts establishing that neither Plaintiff nor any purported predecessor in interest of Plaintiff suffered any damages as a result of the actions complained of in the Complaint.

61. Upon information and belief, the assertion of authorship in a work is not a mere formality. Upon information and belief, 17 U.S.C. § 302 provides that copyright in a work made for hire endures for a term of 95 years, while 17 U.S.C. § 203 provides that for works other than a work made for hire, an author may revoke a transfer or license by the end of the 40th year after publication.

62. Upon information and belief, if a registration of copyright with respect to the article were to issue, the effective date of such registration should not be earlier than three months after the initial publication of the article.

63. Upon information and belief, Plaintiff would not be entitled to statutory damages or to an award of attorney fees if Plaintiff were to prevail in this case. Since, Plaintiff suffered no damages and Defendant made no profits, Plaintiff should be awarded no money even if Plaintiff were to prevail in this action.

### SEVENTH AFFIRMATIVE DEFENSE

64. Defendant repeats and realleges the allegations of paragraphs 41-44, 48, 50-57, and 60 above as if the same were fully set forth herein.

65. Defendant was and is not aware and had no reason to believe that the publication of the article in the Pahrump Life blog constituted an infringement of any copyright.

66. In the event that Plaintiff prevails and is entitled to statutory damages and elects to recover statutory damages, the Court should, in its discretion, reduce such award to $200.

//

//

Wherefore, Defendant requests that the Court enter judgment in favor of Defendant and against Plaintiff providing:

A. That Plaintiff's Complaint be dismissed against all named defendants with prejudice;

B. That any copyright registration that issues from the application shown in Exhibit 3 of the Complaint is invalid and void and of no effect in law;

C. That the article titled "Warden, other employees resign from prison in escape fallout" lacks sufficient originality of expression to be protectable by copyright;

D. That no defendant named in the Complaint has infringed any copyright owned by Plaintiff;

E. That Defendant be awarded his reasonable attorney fees and all costs incurred in connection with this suit; and

F. That Defendant be awarded such other further relief as deemed just and proper.

Respectfully submitted,

Dated: December 20, 2010          By: _____
Michael Scaccia
4191 West Quail Run Road
P.O. Box 9466
Pahrump, Nevada 89060
Tel: 775-537-1135
Defendant *pro se*

## JURY DEMAND

Defendant hereby demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: December 20, 2010      By: _____
Michael Scaccia
4191 West Quail Run Road
P.O. Box 9466
Pahrump, Nevada 89060
Tel: 775-537-1135
Defendant *pro se*

PROOF OF SERVICE

I, _____, hereby certify that I am a resident of the County of _____ in Nevada; I am over the age of eighteen years and am not a party to the above-titled action; and my business address is _____ _____, _____, Nevada _____.

I served the foregoing

    ANSWER TO COMPLAINT;
    AND
    DEMAND FOR JURY TRIAL

on the interested parties in said action by placing a true and correct copy of that document in each of the envelopes addressed as follows and depositing each envelope in the United States Mail with first class postage prepaid thereon:

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of December at _____, Nevada.

1.     Shawn A. Mangano
       SHAWN A. MANGANO, LTD.
       9960 West Cheyenne Avenue, Suite 170
       Las Vegas, Nevada 89129-7701

2.     J. Charles Coon
       Joseph C. Chu
       RIGHTHAVEN LLC
       9960 West Cheyenne Avenue, Suite 210
       Las Vegas, Nevada 89129-7701

Print name: _____