ORIGINAL

1  Michael Scaccia
   4191 West Quail Run Road
2  P.O. Box 9466
   Pahrump, Nevada 89060
3  Tel: 775-537-1135
   Defendant *pro se*
4

5

6

7

8              UNITED STATES DISTRICT COURT

9              FOR THE DISTRICT OF NEVADA

10

   RIGHTHAVEN LLC,                          Case No.: 2:10-CV-01575-JCM-(PAL)
11
                       Plaintiff,           MOTION FOR SUMMARY JUDGMENT
12                                          THAT USE OF WORK WAS FAIR USE;
                       v.                   AND DECLARATION OF MICHAEL
13                                          SCACCIA
   PAHRUMP LIFE, MAREN SCACCIA, and
14 MICHAEL SCACCIA,
                                            Date:  To Be Set by Court
15                     Defendants.
                                            Time: To Be Set by Court
16

17 I.    PRELIMINARY STATEMENT

18          In this copyright case, Plaintiff has suffered no damages, and Defendant obtained no

19 profits (or even any revenues).  By this Motion Defendant seeks the Court's help in preventing a

20 great injustice.  Plaintiff is trying to use this Court to force Defendant into making the choice

21 between paying, in effect, a large ransom to Plaintiff or retaining an expensive lawyer.  As the

22 Court can see, though, even if, for the sake of argument, Plaintiff were assumed to have a case,

23 Plaintiff has suffered no injury.  Defendant asks the Court to bring an end to this case before

24 money is extorted from Defendant and before large amounts of money is expended on attorneys,

25 and before Court resources are wasted on a small matter.  Please note that even though

26 Defendant is representing himself, Defendant will be referred to in the third person throughout

27 this brief.

28

## II.   FACTS

Defendant Michael Scaccia (sometimes referred to herein as "Scaccia") was a long-time resident of California.  His business was construction management.  He retired a few years ago and moved to Pahrump, Nevada.

His community is very important to him, and he published an Internet blog, Pahrump Life, about the community, and particularly about the private prison (or prisons for profits) issue and how it will affect Pahrump.

Plaintiff Righthaven LLC (sometimes referred to herein as "Righthaven") sued Defendant Michael Scaccia for copyright infringement.

Righthaven appears to exist only as a vehicle for bringing suits.  That is, it appears to really be a law firm that is operating an entity that purports to own copyrights.  The real party in interest appears to be Stephens Media LLC (sometimes referred to herein as "Stephens Media"), the publisher of Las Vegas Review-Journal

Righthaven also named Maren Scaccia as a defendant, but no service of process was served on her, despite a proof of service that Righthaven filed with the Court.  Maren Scaccia has never resided in Nevada, and neither is nor ever was a wife of Michael Scaccia as indicated in the proof of service that Righthaven filed.  Maren Scaccia is Michael Scaccia's daughter.

Plaintiff Righthaven also named "Pahrump Life" as a defendant, but "Pahrump Life" is not an entity.  It is the name of a blog started by Scaccia to educate people about problems associated with privately run prisons.  This, of course, was, and is, an issue of concern in view of the opening of a privately run prison in Pahrump.  (Maren Scaccia's **only** involvement with "Pahrump Life" was the registering of the domain name "parhrumplife.org."  She has no involvement in the publishing of the blog or in its content.)

As of the time that this memorandum is being written, Righthaven and Stephens Media have refused to provide written evidence that either one owns the copyright in the article at issue in the case, even though there is no dispute that an individual named Dave Hawkins is the actual author of the article.

1   "Pahrump Life" is a blog published by Scaccia.  Its primary purpose is to provide

2   education and commentary about quality of life issues, including those regarding the private

3   prison industry and how it may have a significant detrimental effect upon Pahrump, Nevada.

4   No fee was ever charged to view the Pahrump Life blog, and no advertising was ever run

5   on the Pahrump Life blog.  Neither Scaccia nor the Pahrump Life blog has ever sought or

6   received, directly or indirectly or in any manner, revenues or income of any kind.

7   Upon information and belief, Stevens Media publishes Las Vegas Review-Journal

8   (sometimes hereinafter referred to as "LVRJ"), a newspaper that is distributed in print form and

9   is distributed online at <http://www.lvrj.com>.

10   On August 14, 2010, Stevens Media published at least in its online version of LVRJ the

11   following article (hereinafter referred to as the "Article"):

12   **Warden, other employees resign from prison in escape fallout**

13   DAVE HAWKINS
SPECIAL TO THE LAS VEGAS REVIEW-JOURNAL
14   August 14, 2010

15   KINGMAN, Ariz. -- Key personnel have resigned their posts at a privately
16   operated state prison where three dangerous inmates escaped last month. The
Management & Training Corporation, which houses 3,500 minimum- and
17   medium-security inmates at the Arizona State Prison-Kingman, confirmed the
departures Friday.
18

19   "MTC accepted the resignation of Warden Lori Lieder and her unit's chief of
security this week," MTC spokesman Carl Stuart said. Lieder and the security
20   chief were administrators at the Hualapai Unit, the medium security wing of the
complex from which the inmates made their July 30 getaway.
21

22   Arizona Department of Corrections Director Charles Ryan said he has directed
changes and upgrades in security and operations protocols at the prison. Increased
23   perimeter patrols and increased control and restriction of inmate movement within
the units are among his directives. MTC operates 11 private prisons, including
two in Arizona.
24

25   Two convicted killers who escaped from the facility have been recaptured, but
John McCluskey, convicted of attempted murder and other charges, and fiancee
26   Casslyn Welch remain at large.

27   Welch was detained after trying to bring heroin into the prison six weeks before
the escape. Police reports show Welch admitted she had delivered heroin to the
28

1   facility on three prior occasions, picking up the drugs from two men in Phoenix
2   she believed were members of the Aryan Brotherhood.

3   Jamie Clark, supervisor of a Kingman-based narcotics task force, confirmed
    Friday that Welch had agreed to serve as an informant in the prison drug
4   smuggling investigation to avoid being charged. State and federal authorities said
    she instead returned to the facility and supplied a getaway vehicle, cash, clothes,
5   weapons and a tool the inmates used to cut through fences and escape.

6   On August 14, 2010, and for a period of time extending beyond the posting on August

7   15, 2010 of the Article on the Pahrump Life blog, the Article was available on the Las Vegas

8   Review-Journal web site to be viewed by any reader, and any reader could, directly from the Las

9   Vegas Review-Journal website, email the article to anyone else for free.

10   Even as of the writing of this Memorandum, the Article is STILL AVAILABLE for

11   FREE on the LVRJ website at <http://www.lvrj.com/news/warden--other-employees-resign-

12   from-prison-in-escape-fallout-100678314.html>, and a link to that page can still be emailed by a

13   reader from that website to anyone else for free.  See **Exhibit A** attached to this motion.  In

14   addition, readers are encouraged to print copies of the Article without paying any fee to Stephens

15   Media or to anyone else.

16   The Article, consisting of less than 300 words, is a recitation of facts regarding an escape

17   by three men convicted of murder or attempted murder from a privately run prison in Arizona

18   and related fall-out from that escape.

19   The Article was emailed to Scaccia's Pahrump Life blog by a third party.

20   Scaccia read the Article on LVRJ's website.  The web page for the Article, which looked

21   substantially like it does today as shown in **Exhibit A**, expressly encouraged sharing of the

22   Article, as indicated by the "tool box" on the web page.  Note: The tool box, which now appears

23   this way,

24
25
26
27
28

1  may have changed somewhat over time.  But it functioned in August, 2010 in essentially the

2  same way that it functions now.

3      Note that the image of the Article that is shown as Exhibit 1 to the Complaint is what the

4  article looks like when one clicks on the "Print" icon in the tool box.

5      Scaccia thought the Article contained important information relating to the private prison

6  issue.  To report that news and provide comment about the dangers and other problems

7  associated with private prisons, to people in Pahrump and elsewhere, on August 15, 2010,

8  Scaccia posted the Article in the Pahrump Life blog following this commentary by him:

9          "MTC sacks AW and Security Chief at Kingman

10         "Here is yet another story - told this time by the Las Vegas Review Journal -
           about a typical sorry 'For Profit Private Prison,' with a sorry staff, over all,

11         exemplifying a sorry state of affairs.  Understaffed, continually promising before
           and after the fact, breaking promises, promising to do better but clearly continuing

12         to engender and enable riots and escapes, the For Profit Prison System is a gold
           mine for some and their attorneys. This should have been clear and should be, day

13         by day, getting clearer to our commissioners who authorized the prison and its
           location in Pahrump Nevada right smack in the middle of town.  Do they care?"

14

15     Full attribution to Las Vegas Review-Journal and Dave Hawkins, along with a web link

16  back to the original source of the article (i.e., to Las Vegas Review-Journal's web page) was

17  given by Defendant in the Pahrump Life blog entry.  Shown below is how that portion of the

18  Pahrump Life blog appeared.  Note that the column along the right side of the image includes

19  other information and links relating to quality of life issues, particularly the private prison issue.

20  The content in the main column shifts relative to the content in the right column as more content

21  added to the blog.

22  //

23

24  //

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### MTC sacks AW and Security Chief at Kingman

Here is yet another story - told this time by the Las Vegas Review Journal - about a typical sorry "For Profit Private Prison," with a sorry staff, over all, exemplifying a sorry state of affairs. Understaffed, continually promising before and after the fact, breaking promises, promising to do better but clearly continuing to engender and enable riots and escapes, the For Profit Prison System is a gold mine for some and their attorneys. This should have been clear and should be, day by day, getting clearer to our commissioners who authorized the prison and its location in Pahrump Nevada right smack in the middle of town.  Do they care?

The following sent by Frank Smith FYI:

http://www.lvrj.com/news/warden--other-employees-resign-from-prison-in-escape-fallout-100678314.html

Las Vegas Review-Journal
Aug. 14, 2010

" Warden, other employees resign from prison in escape fallout"

DAVE HAWKINS

SPECIAL TO THE LAS VEGAS REVIEW-JOURNAL

KINGMAN, Ariz. -- Key personnel have resigned their posts at a privately operated state prison where three dangerous inmates escaped last month. The Management & Training Corporation, which houses 3,500 minimum- and medium-security inmates at the Arizona State Prison-Kingman, confirmed the departures Friday.

"MTC accepted the resignation of Warden Lori Lieder and her unit's chief of security this week," MTC spokesman Carl Stuart said. Lieder and the security chief were administrators at the Hualapai Unit, the medium security wing of the complex from which the inmates made their July 30 getaway.

Arizona Department of Corrections Director Charles Ryan said he has directed changes and upgrades in security and operations protocols at the prison. Increased perimeter patrols and increased control and restriction of inmate movement within the units are among his directives. MTC operates 11 private prisons, including two in Arizona.

Two convicted killers who escaped from the facility have been recaptured, but John McCluskey, convicted of attempted murder and other charges, and fiancee Casslyn Welch remain at large.

Welch was detained after trying to bring heroin into the prison six weeks before the escape. Police reports show Welch admitted she had delivered heroin to the facility on three prior occasions, picking up the drugs from two men in Phoenix she believed were members of the Aryan Brotherhood.

Jamie Clark, supervisor of a Kingman-based narcotics task force, confirmed Friday that Welch had agreed to serve as an informant in the prison drug smuggling investigation to avoid being charged. State and federal authorities said she instead returned to the facility and supplied a getaway vehicle, cash, clothes, weapons and a tool the inmates used to cut through fences and escape.

POSTED BY MICHAEL SCACCIA PAHRUMPLIFE AT 8:15/2010 02:00:00 PM
0 COMMENTS

BOCC Meetings: First and Third Tuesdays, 10:00 a.m.

Town Board Meetings: Second and Fourth Tuesdays, 7:00 p.m.

PRESENTATION OF SOME OF THE OCTOBER 2009 OBJECTION LETTERS TO THE PUCN

Short Form Letter to the PUCN Oct. 09

MS Form letter to the PUCN, Oct. 09

Mike Miraglia's Letter

Kenny Bent's Letter

CONTACT INFO

pahrumplife@yahoo.com

OVER 150 OF THESE LETTERS SIGNED AND SENT TO THE PUCN ON OR BEFORE JUNE 10, 2009

PUCN Hearing Request - Short

PUCN Hearing Request - Long

IMPORTANT HISTORICAL DOCUMENTS

[Please be patient when downloading - some files are big.]

After viewing these URLs, use the back arrow at the upper left to get back to Pahrump Life.

Zone Change Special Conditions of Approval

Mike Miraglia's Letter, Observations re RPC

Willow Creek Complaint February 2009

Carol Kollopp's Letter re VEA Rate Hike and Prison Advocacy

Ordinance 336

Venue Change Motion - OFDT Case Nov. 09

Officer Sues CCA for $14 mil/From Frank Smith Oct 31, 09

IRONY OF IRONIES/Frank Smith Oct 09

WE ARE THE EXPERIMENT, FLYER

Dan Rather Reports - Private Prisons - Episode One Transcript - June 2009

Franks Letter to the PUCN June 2009

1    Scaccia's purpose in publishing the Article was (i) to provide news reporting about an
2    escape from a private prison and the after-the-fact security "upgrades" ordered by the state of
3    Arizona, and (ii) to comment about private prison companies' making exaggerated promises and
4    delivering inferior services, while they (i.e., the private prision companies) put the public at risk.
5    Scaccia at no time intended to commit an infringement of copyright.  Scaccia did not
6    believe he was committing a copyright infringement, as he provided full attribution to the author,
7    David Hawkins, and to LVRJ, along with a link back to LVRJ's web page for the Article, which
8    web page itself, as discussed above, expressly encouraged sharing of the Article.  That is,
9    Scaccia believed that he was acting with the encouragement of LVRJ.
10   As indicated above, Scaccia has received no revenues or profits from his Pahrump Life
11   blog.  In particular, he has received no revenues or profits as a result of his posting the Article on
12   his Pahrump Life blog.
13   It appears highly unlikely that Stephens Media, or LVRJ or Righthaven, has incurred
14   damages as a result of Scaccia's posting of the Article on the Pahrump Life blog.  As noted
15   above, the Article, from the date it was first published through today, has always been freely
16   accessible for no fee at the LVRJ's web site.  LVRJ lost no sales of the article, because it is
17   available for no fee.  If anything, the posting of the Article on the Pahrump Life blog may have
18   caused additional visits to the LVRJ web site which would make the LVRJ website more
19   attractive to LVRJ's advertisers.
20   Dave Hawkins is named right above the Article as the author of the Article.  On
21   information and belief, Dave Hawkins is the news director at radio station KGMN in Kingman,
22   Arizona.  On information and belief, KGMN is owned by New West Broadcasting Systems, Inc.
23   On information and belief, the author of the Article, Dave Hawkins, was not an employee of
24   Righthaven, Stephens Media or LVRJ when he wrote the Article.
25   To date, none of Righthaven, Stephens Media or LVRJ has produced a written document
26   evidencing ownership by any of them, as opposed to Dave Hawkins, in the copyright in the
27   Article despite several requests that such document be shown to the attorney that had been
28   helping Scaccia.

1    The copyright application, a copy of which is attached as Exhibit 3 to the Complaint, lists

2    Stephens Media as the author, with the Article being a work made for hire.

3    As indicated above, Dave Hawkins is the author, and without an appropriate written

4    document signed by Mr. Hawkins, the Article is not a work made for hire.  If that is the case,

5    Plaintiff will not be entitled to statutory damages or attorney fees.

6    III.    ARGUMENT

7        A.    Scaccia's Use of the Article Is a Fair Use, and Not Infringement

8    Even if the Article were protectable by copyright, and even if Righthaven were the owner

9    of the copyright, Scaccia's use of the Article was a fair use, and thus "is not an infringement of

10   copyright."  17 U.S.C. § 107.

11       17 U.S.C. § 107 is set in full here:

12   Notwithstanding the provisions of sections 106 and 106A, the fair use of a
     copyrighted work, including such use by reproduction in copies or phonorecords
13   or by any other means specified by that section, for purposes such as criticism,
     comment, news reporting, teaching (including multiple copies for classroom use),
14   scholarship, or research, is not an infringement of copyright. In determining
     whether the use made of a work in any particular case is a fair use the factors to
15   be considered shall include —

16
         (1) the purpose and character of the use, including whether such use is of a
17       commercial nature or is for nonprofit educational purposes;

18       (2) the nature of the copyrighted work;

19       (3) the amount and substantiality of the portion used in relation to the
20       copyrighted work as a whole; and

21       (4) the effect of the use upon the potential market for or value of the
         copyrighted work.
22
     The fact that a work is unpublished shall not itself bar a finding of fair use if such
23   finding is made upon consideration of all the above factors.

24

25       1.    Purpose and Character of Use

26   It is indisputable that the Article was reproduced in the Pahrump Life blog for the

27   purposes of news reporting and comment.  The private prison issue is one of great import to

28   Pahrump and Nevada.

Case No. 2:10-CV-01575-JCM-(PAL)                    8                    Defendant's Motion for Summary Judgment

1    The Pahrump Life blog is completely non-commercial.  No revenues for it have been

2    sought or received.

3    The purpose of reproducing the Article was to raise the awareness in the community

4    about potential problems that will directly impact Pahrump, namely the problems associated with

5    the opening of a privately-run prison in Pahrump.

6    Because Scaccia's use of the Article was for news reporting and comment (purposes

7    expressly mentioned in the statute), because the subject matter was and is of important public

8    concern, and because the use was in no way commercial, the factor of purpose and character of

9    use weighs heavily in favor of a finding of fair use.

10    2.    Nature of the Copyrighted Work

11    The Article is strictly informational.  As noted above, it contains less than 300 words.  As

12    the Court can see, the Article is merely a recitation of facts, composed primarily of quotes or

13    paraphrases of reports by corporate or government officials.

14    The information in the Article is of important public concern.

15    In a similar case, Los Angeles News Service v. CBS Broadcasting, Inc., 305 F. 3d 924,

16    940 (9th Cir. 2002), the Ninth Circuit ruled as follows:

17    We have analyzed the "nature of the copyrighted work" factor extensively in prior
LANS litigation. "The Denny beating tape is informational and factual and news;
18    each characteristic strongly favors [the user]. Likewise the fact that the tape was
published before its use by [the alleged infringer]. Although the Videotape is not
19    without creative aspect in that it is the result of [Marika] Tur's skills with a
camera, still this factor makes it a great deal easier to find fair use." KCAL-TV,
20    108 F.3d at 1122; accord Reuters, 149 F.3d at 994; see also Harper & Row, 471
21    U.S. at 563, 105 S.Ct. 2218 ("The law generally recognizes a greater need to
disseminate factual works than works of fiction or fantasy."); L.A. News Serv. v.
22    Tullo, 973 F.2d 791, 798 (9th Cir.1992). This factor clearly points toward fair use.

23    In this case, too, this factor clearly points toward fair use.

24    3.    The Amount Used in Relation to the Copyrighted Work as a Whole

25    The Article was reproduced in its entirety.

26    However, even if this factor were found to point away from a finding of fair use, the

27    Court should still find fair use here in view of all the other factors.  See, Hustler Magazine, Inc.

28    v. Moral Majority, Inc., 796 F.2d 1148, 1155 (9th Cir. 1986), in which the Court of Appeals

affirmed a summary judgment for defendant based on fair use despite the copying of the entire

work:

> *Sony Corp. [of America v. Universal City Studios, Inc.*, 464 U.S. 417, 104 S.Ct.
> 774, 78 L.Ed.2d 574 (1984)] teaches us that the copying of an entire work does
> not preclude fair use *per se*.

Also to be considered in connection with this factor is that the Article is less than 300

words and is a recitation of facts.  In order to get those facts passed on to Pahrump Life readers,

the whole of the Article essentially had to be reproduced.  See, Kelly v. Arriba Soft Corp., 280 F.

3d 934, 943 (9th Cir. 2002): "If the secondary user only copies as much as is necessary for his or

her intended use, then this factor will not weigh against him or her."

This factor should be considered to be neutral.

>    4.    Effect of the Use Upon The Potential Market for or Value of the
>          Copyrighted Work

The Review-Journal implicitly grants its readers the right to disseminate its articles to

third parties.  Assuming that neither Righthaven nor Stephens Media changes the operation of

the web page at <http://www.lvrj.com/news/warden--other-employees-resign-from-prison-in-

escape-fallout-100678314.html> (as shown in **Exhibit A**), the Court can see that Stephens Media

invites third parties to copy, paste and print the Article, and to disseminate the Article to other

third parties. Readers can share articles with third parties by selecting an icon that is simply

"Email," and another icon labeled "Print" links to another page in which the Article is

reformatted for easy printing on reader's own printer, or for easy saving to a reader's own

computer.  Simply put, Righthaven/Stephens Media encourages its readers to disseminate its

articles to third parties.

Pursuant to 17 U.S.C. 107(4), the Court must determine whether Scaccia's use adversely

affects the potential market for the Article.  Because the article is available for free, the value of

the Article is in its ability to draw readers to the LVRJ website and its advertisers.  In light of the

specific facts of this use, the Court can easily conclude that Scaccia's use did not diminish the

value of the Article, and may actually have increased traffic on Stephens Media's LVRJ website.

As noted above, the Pahrump Life blog provided full attribution to LVRJ and a web link to the

1   LVRJ website.  Further, the Article did not appear in the Pahrump Life blog until the day after it
2   was published on the LVRJ website.  LVRJ readers would have already seen the Article before it
3   appeared in the Pahrump Life blog.  It is thus reasonable to conclude that readers of the Pahrump
4   Life blog that may not have been aware of the LVRJ website were introduced by the blog to the
5   LVRJ website.

6         The reproduction of the Article in the Pahrump Life blog would not have reduced the
7   amount of LVRJ readers, and likely increased the number of LVRJ readers.

8         Therefore, the fourth factor points to fair use.

9         With all four factors taken into account, the Court should find that Scaccia's use in his
10  Pahrump Life blog of the Article is a fair use.

11        This Court has ruled in a similar case involving Righthaven/Stephens Media that the
12  reproduction of an article from LVRJ in a blog was fair use.  See, <u>Righthaven, LLC v. Realty</u>
13  <u>One Group, Inc.</u>, Case No, 2:10-cv-I 036-LRH-PAL, decided October 18, 2010.  In that case the
14  accused infringer used the work in a blog having commercial purposes in addition to educational
15  purposes.  In that case, a total of eight sentences were reproduced.  In this case, the Pahrump Life
16  blog has only educational and commentary purposes; it has no commercial purpose, and only
17  twelve sentences were reproduced.  The <u>Reality One</u> case confirms the argument made here - the
18  use of the Article in Pahrump Life was a fair use.

19        B.    <u>Other Issues</u>

20        With respect to the following issues, Defendant does not yet seek a ruling of summary
21  judgment.  A finding of fair use would render them moot.  However, Defendant does want to
22  make note of them.

23            1.    The Article Lacks Sufficient Originality of Expression to Be Protectable
24                   <u>by Copyright</u>

25        The Article is less than 300 words in length.  It includes only twelve sentences.  The
26  Article contains no commentary.  Instead, it is a restatement of facts from corporate and
27  government statements and reports.

28

1    A mere recitation of facts is not copyrightable.  Feist Publications, Inc. v. Rural

2    Telephone Service Co., 499 US 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358.

3              2.    The Copyright Registration May Be Invalid, and
4                    Even If a Valid Registration Were to Ultimately Issue, Its Effective Date
                     Would Be Too Late to Allow Plaintiff to Elect Statutory Damages or to
5                    Collect Attorney Fees

6         As indicated above, the author of the Article is Dave Hawkins, and he was not an

7    employee of Stephens Media.  Plaintiff has refused to provide any written documentation that

8    Dave Hawkins has assigned any copyright in the article to Las Vegas Review-Journal, Stephens

9    Media LLC, or Plaintiff Righthaven LLC, or that the article is a work that was specially ordered

10   or commissioned for use as a contribution to a collective work and that Dave Hawkins signed a

11   written instrument that the Article was to be considered a work made for hire.

12        Also as indicated above, the application for copyright registration filed by Plaintiff,

13   attached as Exhibit 3 to the Complaint, names Stephens Media LLC as the author, with the work

14   being a "work made for hire."  However, without a written instrument signed by Dave Hawkins,

15   the Article is not a work made for hire

16        The assertion of authorship in a work is not a mere formality.  17 U.S.C. § 302 provides

17   that copyright in a work made for hire endures for a term of 95 years, while 17 U.S.C. § 203

18   provides that for works other than a work made for hire, an author may revoke a transfer or

19   license by the end of the 40th year after publication.

20        If Dave Hawkins did not sign an appropriate instrument setting forth that the Article was

21   to be a work made for hire (which seems to be the case in view of Plaintiff's refusal to produce

22   such a document), then if a valid registration of copyright with respect to the Article were ever to

23   issue, the effective date of such registration should not be earlier than at least three months after

24   the initial publication of the Article.  It would follow that Plaintiff would not be entitled to

25   statutory damages or to an award of attorney fees if Plaintiff were to prevail in this case.

26        Because Plaintiff suffered no damages and Defendant made no profits, Plaintiff should be

27   awarded no money even if Plaintiff were to prevail in this action.

28

IV.     IN VIEW OF THE UNDISPUTED FACTS RELATING TO FAIR USE, DISCOVERY
        RELATING TO THAT ISSUE IS NOT NECESSARY

        Even a cursory review of Exhibit 2 attached to the Complaint, which shows the Pahrump
Life blog, confirms that there is no monetary commerce associated with the blog.

        Discovery of Michael Scaccia will do nothing more than confirm what is stated in this
brief, namely that Maren Scaccia, who is his daughter and **not** his wife, was not served with a
summons or the Complaint, that he neither sought nor obtained any revenues, or profits, from the
Pahrump Life blog, and that his purpose in reproducing the Article was to educate readers in
Pahrump regarding potential problems with private prisons, and to provide his own commentary
on the issue in view of the facts set forth in the Article.

V.      CONCLUSION

        First, the Complaint should be dismissed to the extent that it names Maren Scaccia as a
defendant because she has never been served with a summons or with the Complaint.

        Second, in view of the foregoing, the reproduction of the Article in the Pahrump Life
blog should be declared a fair use.  Because a fair use is not an infringement, the Complaint, in
its entirety, should be dismissed with prejudice.

                                        Respectfully submitted,


Dated: February 4, 2011              By:  _____
                                        Michael Scaccia
                                        4191 West Quail Run Road
                                        P.O. Box 9466
                                        Pahrump, Nevada 89060
                                        Tel: 775-537-1135
                                        Defendant *pro se*