ORIGINAL

Michael Scaccia
4191 West Quail Run Road
P.O. Box 9466
Pahrump, Nevada 89060
Tel: 775-537-1135
Defendant *pro se*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC,<br><br>Plaintiff,<br><br>v.<br><br>PAHRUMP LIFE, MAREN SCACCIA, and<br>MICHAEL SCACCIA,<br><br>Defendants. | Case No.: 2:10-CV-01575-JCM-(PAL)<br><br>REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT THAT USE OF WORK WAS FAIR USE<br><br>Date: To Be Set by Court<br><br>Time: To Be Set by Court |

I. PLAINTIFF HAS FAILED TO SUBMIT EVIDENCE SUPPORTING FACTS THAT WOULD ESTABLISH A GENUINE ISSUE FOR TRIAL RELATING TO FAIR USE

The Response filed by Plaintiff Righthaven LLC (hereinafter sometimes "Righthaven" or "Plaintiff") to the Motion for Summary Judgment filed by Defendant Michael Scaccia (hereinafter sometimes "Scaccia" or "Defendant") purports to set forth the standards a court must consider in connection with a motion for summary judgment.

Plaintiff omitted the part about Righthaven's having to provide to the court specific facts demonstrating a genuine issue of facts to avoid summary judgment because Defendant has met its burden of making at least an initial showing that judgment should be issued in Defendant's favor.

That is, summary judgment shall be granted if "the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). Material

facts are those which may affect the outcome of the case. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The court must view the facts in the light most favorable to the non- moving party and give it the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The court must not weigh the evidence or determine the truth of the matter, but only determine whether there is a genuine issue for trial. *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir.1999).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Id. If the moving party meets its initial burden, the opposing party "may not rely merely on allegations or denials in its own pleading;" rather, it must set forth "specific facts showing a genuine issue for trial." See Fed.R.Civ.P. 56(e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to show that there is a genuine issue for trial, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323, 106 S.Ct. 2548.

In connection with its Response, Plaintiff submitted no evidence at all - no declarations and no authenticated exhibits - **nothing**.

So, it follows that since Defendant has made an initial showing that he is entitled to summary judgment, Righthaven's Response, devoid of any evidence whatsoever, is insufficient to prevent issuance of summary judgment in Defendant's favor.

II. **PLAINTIFF HAS FAILED TO SUBMIT EVIDENCE SUPPORTING FACTS THAT WOULD ESTABLISH A GENUINE ISSUE FOR TRIAL**

Plaintiff makes a specious argument against the undisputed (and undisputable) evidence provided by Scaccia. Plaintiff states:

> Defendant's declaration completely fails to set forth the basis for his alleged personal knowledge of any particular fact or assertion upon which he relies. (Id.) Moreover, Defendant's declaration fails to delineate what the factual assertions are and how the factual assertions constitute admissible evidence. (Id.) Furthermore, Defendant's declaration fails to identify what, if any, factual assertions are premised on "information and belief."

It is hard to believe that Plaintiff believes its own statement. To illustrate the obvious for Plaintiff, filed with this Reply is a Supplemental Declaration of Michael Scaccia that points out statements of fact from the original motion that Defendant has declared to be true of his own personal knowledge and those stated on information and belief.

Contrary to Plaintiff's argument, the Motion is supported by admissible evidence, including evidence that Plaintiff itself relies upon in its Complaint.

III. **PLAINTIFF'S ARGUMENT FAILS TO SHOW THAT THE FOUR FACTOR FAIR USE TEST DOES NOT WEIGH IN FAVOR OF THE DEFENSE**

A. <u>Purpose and Character of Use</u>

The first factor is "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes." 17 USC § 107.

There is no dispute that Defendant's use is **not** commercial, and **is** for nonprofit educational purposes.

Plaintiff instead argues about the transformative nature of the use of the reproduced Article.

There is no dispute that the Article is only 12 sentences long, includes less than 300 words, and is merely a recitation of facts. **The Article is in Exhibit 1 of Plaintiff's own Complaint.**

Contrary to Plaintiff's unsupported argument, the Article reproduced on Defendant's *Pahrump Life* blog **is** accompanied by commentary written by Defendant. (The text of the commentary was set forth on page 5 of the Motion for Summary Judgment for the Court's

1  convenience.) There is no dispute that there are over 100 words of commentary. **The**
2  **commentary accompanying the Article is in Exhibit 2 of Plaintiff's own Complaint.**
3  So, to the extent that the transformative nature, or not, of the reproduction of a work
4  relates to the first factor, the substantial commentary accompanying Defendant's reproduction of
5  the Article supports the conclusion that the first factor weighs in favor of Defendant.
6  Plaintiff's citations of Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569 (1994), A&M
7  Records, Inc. v. Napster, Inc., 239 F.3d 1004 (9th Cir. 2001), Los Angeles News Service v. CBS
8  Broadcasting, Inc., 305 F.3d 924 (9th Cir. 2002), Worldwide Church of God v. Philadelphia
9  Church of God, Inc., 227 F.3d 1110 (9th Cir. 2000), Walt Disney Prods. v. Air Pirates, 581 F.2d
10 751 (9th Cir. 1978), and the two versions of the court's opinion in Los Angeles Times v. Free
11 Republic, No. 98-7840, 1999 WL 33644483 (C.D. Cal. Nov. 8, 1999) and Los Angeles Times v.
12 Free Republic, 54 U.S.P.Q.2d 1453, 1467 (C.D. Cal. Apr. 4, 2000), do not help Plaintiff.
13 Campbell, 510 US 569, at 579, specifically pointed out that a transformative use is not
14 absolutely necessary for a finding of fair use, citing Sony Corp. of America v. Universal City
15 Studios, Inc., 464 U.S. 417 (1984).
16 In Worldwide Church, plaintiff and defendant were, essentially, **competing** churches, and
17 use of plaintiff's work financially benefited defendant by, for example, attracting tithing
18 members. Worldwide Church, 227 F.3d 1110, at 1124.
19 In A&M Records the court held, 239 F.3d 1004, at 1015, with respect to the key aspect of
20 this factor:

21  The district court determined that Napster users engage in commercial use
22  of the copyrighted materials largely because (1) "a host user sending a file cannot be said to engage in a personal use when distributing that file to an anonymous
23  requester" and (2) "Napster users get for free something they would ordinarily
    have to buy." Napster, 114 F.Supp.2d at 912. The district court's findings are not
24  clearly erroneous.

25  In Air Pirates, the defendants published comic books with derogatory depictions of
26 Disney characters. The commercial nature of the use was undisputed.
27 In Los Angeles News Service the court found that the purpose and character of use factor
28 weighed in favor of defendant Court TV because of the use of the work in news reporting,

1  despite the otherwise commercial nature of the use (i.e., Court TV did news reporting for profit).
2  Los Angeles News Service, 305 F.3d 924, at 938-940.
3      In the Free Republic opinions, the court pointed out that defendant is a for-profit entity,
4  and donations to defendants were solicited, and defendants' website said its readers "can often
5  find breaking news and up to the minute updates." So, defendants' use of plaintiff's works was
6  commercial in nature, and in competition with plaintiff.
7      Plaintiff has not rebutted the evidence that Defendant's use of the Article was not
8  commercial, and was for news reporting and comment. This factor weighs heavily in favor of
9  finding fair use.
10      B.    Nature of the Copyrighted Work
11      Plaintiff does not dispute that the Article is a short recitation of facts, and Plaintiff does
12  not dispute that the information in the Article is of important public concern. Further, Plaintiff
13  does not dispute that, as pointed out in Defendant's original Motion, Los Angeles News Service,
14  305 F.3d 924, at 940, supports finding that this factor weighs in favor of fair use for Defendant.
15      Plaintiff has provided a misleading citation of Free Republic II in connection with this
16  factor. Here is the court's holding that this factor, with respect to news articles, even copied in
17  their entireties, favored a finding of fair use in that case (emphasis added):

> 2. The Nature Of The Copyrighted Work
>     The second factor identified in § 107 recognizes "that some works are closer to the core of intended copyright protection than others, with the consequence that fair use is more difficult to establish when the former works are copied." Campbell, supra, 510 U.S. at 586. Thus, "the more creative a work, the more protection it should be accorded from copying; correlatively, the more informational or functional the plaintiff's work, the broader should be the scope of the fair use defense." NIMMER, supra, § 13.05[A][2][a]. Newspaper articles to a large extent gather and report facts. Nonetheless, a news reporter must determine which facts are significant and recount them in an interesting and appealing manner. See Harper & Row, supra, 471 U.S. at 547 ("creation of a nonfiction work, even a compilation of pure fact, entails originality").
>     A number of cases that have analyzed alleged copying of news articles or videotapes of news events have concluded that the second fair use factor weighs in the defendant's favor. See Reuters Television, supra, 149 F.3d at 994 (the court held that the second factor weighed in favor of defendants that copied news footage); Los Angeles News Service v. KCAL-TV Channel 9, 108 F.3d 1119, 1122 (9th Cir. 1997) (the second factor weighed in favor of a finding of fair use where defendants copied news footage); Los Angeles News Service v. Tullo, 973 F.2d 791, 792, 798 (9th Cir. 1992) (the second factor favored a video news clipping service that used portions of copyrighted videotapes of newsworthy

events). See also American Geophysical, supra, 60 F.3d at 925 (given the "manifestly factual character of the . . . articles" from scientific and medical journals copied by defendant, the court held that the second factor weighed in favor of fair use); Television Digest, supra, 841 F. Supp. at 10 (the court found that the second factor weighed in favor of a defendant that copied a newsletter containing original news stories). Compare Nihon Keizai Shimbun, supra, 166 F.3d at 72-73 (in a suit by a newspaper publisher against a defendant that gathered news articles from various sources and sold "abstracts" of them to its customers, the court recognized that newspaper articles are predominantly factual in nature and that expressive elements do not dominate, but nonetheless concluded that the second "factor is at most neutral on the question of fair use").

While plaintiffs' news articles certainly contain expressive elements, they are predominantly factual. Consequently, defendants' fair use claim is stronger than it would be had the works been purely fictional. See Sony, supra, 464 U.S. at 455, n. 40 ("Copying a news broadcast may have a stronger claim to fair use than copying a motion picture"). **The court concludes that the second factor weighs in favor of a finding a fair use of the news articles by defendants in this case.**

Plaintiff's citation of Worldwide Church in connection with this factor is inappropriate. In that case, an entire book was copied.

Plaintiff's citation of Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 US 539 (1985) is similarly inappropriate. In that case, the work that was copied was an unpublished work, and the Court concluded, "the unpublished nature of a work is [a] key, though not necessarily determinative, factor tending to negate a defense of fair use." Harper & Row, 471 US 539, at 554. (Internal quotation marks omitted.) In the present case, the Article was already published.

C.   The Amount Used in Relation to the Copyrighted Work as a Whole

Here, Plaintiff has happily agreed that the Article was reproduced in its entirety.

However, Plaintiff disputes the weight to be accorded this factor. It relies on Worldwide Church, but this reliance is inappropriate. In that case, the work was an **entire book** that was copied, except the attribution to the actual copyright holder was deleted. Worldwide Church, 227 F.3d 1110, at 1118-1119.

Here, only a very short, fact-laden work was copied.

So, this factor should be considered neutral.

D.   Effect of the Use Upon the Potential Market for or Value of the Copyrighted Work

Plaintiff expends more test on this factor than any other. Yet, Plaintiff offers no evidence of any negative effect on the potential market for or value of the Article.

This Court is asked to take notice that to the extent the market for, or the value of, the Article has been diminished, evidence of such diminishment is totally within **Plaintiff's control.** Yet, no such evidence has been offered to the Court.

What we do have is Plaintiff arguing that Defendant could have done something different, yet in making its argument Plaintiff resorts to making a generic use of the trademark of a third party. That trademark is "Xerox," and Plaintiff uses it generically **three** times. Plaintiff does not argue with "clean hands."

Despite Plaintiff's extensive protests, this factor weighs heavily in favor of the fair use defense.

II.  CONCLUSION

Defendant asks the Court to note that the evidence before the Court includes exhibits from Plaintiff's own Complaint and from the website of Plaintiff's purported assignor.

For the reasons set forth in Defendant's Motion for Summary Judgment and as set forth above, Defendant asserts that, in view of the undisputed facts, summary judgment should be granted in favor of Defendant with respect to the fair use defense, even if all evidence is weighed in favor of Plaintiff.

Further, Defendant reminds the Court that Defendant's daughter, Maren Scaccia, who has never resided in Nevada, has been named a defendant but has never been served with a summons or the Complaint. In addition, she has had no involvement in the ownership or content of the *Pahrump Life* blog. So, in any event, she should be dismissed from this suit.

Respectfully submitted,

Dated: March 14, 2011     By: _____
Michael Scaccia
4191 West Quail Run Road
P.O. Box 9466
Pahrump, Nevada 89060
Tel: 775-537-1135
Defendant *pro se*