UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RIGHTHAVEN LLC,

    Plaintiff,

v.

PAHRUMP LIFE, et al.,

    Defendants.

2:10-CV-1575 JCM (PAL)

**ORDER**

Presently before the court is defendant Michael Scaccia's motion for summary judgment. (Doc. #12). Plaintiff has responded (doc. #17), and the defendant has replied (doc. #18).

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c). The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standard for authentication of evidence on a motion for summary judgment).

Here, the defendant has first failed to present authenticated evidence in support of his motion. Accordingly, the court is unable to conclude as a matter of law that the use at issue constitutes fair use under 17 U.S.C. § 107.

Second, the defendant has contested Righthaven's ownership of the disputed copyright,

**James C. Mahan**
**U.S. District Judge**

1  noting that the plaintiff has not "produced a written document evidencing ownership . . . in the
2  copyright in the Article." (Doc. #12 at 7:25–27). Although, again, the court cannot grant summary
3  judgment where defendant has not presented authenticated evidence to support defendant's claim
4  that "[t]he real party in interest appears to be Stevens Media LLC . . . the publisher of the Las Vegas
5  Review-Journal" (doc. #12 at 2:11–13), the court finds resolution of the issue sufficiently pressing
6  as to warrant immediate consideration.

7      Righthaven's ownership of its assigned copyrights has been generally contested in a case
8  before Judge Hunt, *Righthaven LLC v. Democratic Underground, LLC et al*. In *Democratic*
9  *Underground*, the newly unsealed "Strategic Alliance Agreement" (doc. #79-1 in
10 2:10-cv-01356-RLH -GWF), governing all purported copyright assignments from Stevens Media to
11 Righthaven, appears to support defendant Scaccia's claim that Righthaven does not have standing
12 to sue for copyright infringement. (*See* doc. #79 in 2:10-cv-01356-RLH -GWF). Specifically,
13 Stevens Media has not assigned to Righthaven one of the 17 U.S.C. § 106 exclusive rights in the
14 copyrights Righthaven purports to own, as would be required for Righthaven to validly allege an
15 infringement claim on those copyrights. *See Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884
16 (9th Cir. 2005) ("legal or beneficial owner of an exclusive right under a copyright is entitled, subject
17 to the requirements of section 411, to institute an action for any infringement of that particular right
18 committed while he or she is the owner of it") (quoting 17 U.S.C. § 501(b)).

19     This court believes that the issue should be addressed at the outset of Righthaven litigation,
20 as it goes to the plaintiff's standing to bring a copyright infringement claim at all. Thus, in the
21 interest of judicial economy, the court issues this order to show cause why the case should not be
22 dismissed for plaintiff's lack of beneficial ownership of the copyright, and, therefore, lack of
23 standing to sue.

24     Accordingly,

25     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for
26 summary judgment (doc. #12) is DENIED;

27
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS FURTHER ORDERED that the plaintiff show cause, in writing, within ten (10) days of the date of filing of this order why the court should not dismiss the instant case for lack of standing;

IT IS FURTHER ORDERED that a show cause hearing is scheduled before District Judge James C. Mahan on **May 12, 2011, at 10:30 a.m.** in Courtroom 6A. Failure of plaintiff to appear shall result in the imposition of sanctions.

DATED April 27, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan
U.S. District Judge**