● ORIGINAL ●

1   Michael Scaccia
    4191 West Quail Run Road
2   P.O. Box 9466
    Pahrump, Nevada 89060
3   Tel: 775-537-1135
    Defendant *pro se*

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   FOR THE DISTRICT OF NEVADA

10  RIGHTHAVEN LLC,                          Case No.: 2:10-CV-01575-JCM-(PAL)

11              Plaintiff,                    DEFENDANT'S BRIEF IN RESPONSE TO
                                             PLAINTIFF'S RESPONSE TO ORDER TO
12          v.                               SHOW CAUSE

13  PAHRUMP LIFE, MAREN SCACCIA, and         Date:        May 12, 2011
    MICHAEL SCACCIA,                         Time:        10:30 a.m.
14                                           Courtroom:   6A
                Defendants.                  Judge:       James C. Mahan
15

16      On April 28, 2011 the Court noted and ruled as follows:

17              "[T]he defendant has contested Righthaven's ownership of the disputed
        copyright, noting that the plaintiff has not "produced a written document
18      evidencing ownership . . . in the copyright in the Article." (Doc. #12 at 7:25–
        27). * * * [T]he court finds resolution of the issue sufficiently pressing as to
19      warrant immediate consideration.
                            * * *
20              "Accordingly,
                            * * *
21              "IT IS FURTHER ORDERED that the plaintiff show cause, in writing,
        within ten (10) days of the date of filing of this order why the court should not
22      dismiss the instant case for lack of standing . . . ."

23      Plaintiff's submission only addressed one half of the issue, namely the purported

24  assignment from Stephens Media, LLC to Plaintiff Righthaven.  (About that, I have not had

25  enough time to review Plaintiff's submission.)

26      **Plaintiff has completely failed to address the other half of the issue,** namely whether

27  or not Stephens Media, LLC owned the copyright in the Article when the article was written by

28  **freelancer** Dave Hawkins.

17 U.S.C. 101 provides in pertinent part as follows (with emphasis added):

"A 'work made for hire' is—
> "(1) a work prepared by an employee within the scope of his or her employment; or
> "(2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, **if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire."**

The following was stated at pages 3-4 and 7-8 in Defendant's original brief, and not contested by Plaintiff:

"On August 14, 2010, Stevens Media published at least in its online version of LVRJ the following article (hereinafter referred to as the "Article"):

**Warden, other employees resign from prison in escape fallout**

DAVE HAWKINS
SPECIAL TO THE LAS VEGAS REVIEW-JOURNAL

August 14, 2010

KINGMAN, Ariz. -- Key personnel have resigned their posts at a privately operated state prison where three dangerous inmates escaped last month. The Management & Training Corporation, which houses 3,500 minimum- and medium-security inmates at the Arizona State Prison-Kingman, confirmed the departures Friday.

"MTC accepted the resignation of Warden Lori Lieder and her unit's chief of security this week," MTC spokesman Carl Stuart said. Lieder and the security chief were administrators at the Hualapai Unit, the medium security wing of the complex from which the inmates made their July 30 getaway.

Arizona Department of Corrections Director Charles Ryan said he has directed changes and upgrades in security and operations protocols at the prison. Increased perimeter patrols and increased control and restriction of inmate movement within the units are among his directives. MTC operates 11 private prisons, including two in Arizona.

Two convicted killers who escaped from the facility have been recaptured, but John McCluskey, convicted of attempted murder and other charges, and fiancee Casslyn Welch remain at large.

Welch was detained after trying to bring heroin into the prison six weeks before the escape. Police reports show Welch admitted she had delivered heroin to the facility on three prior occasions, picking up the drugs from two men in Phoenix she believed were members of the Aryan Brotherhood.

Jamie Clark, supervisor of a Kingman-based narcotics task force, confirmed Friday that Welch had agreed to serve as an informant in the prison drug smuggling investigation to avoid being charged. State and federal authorities said she instead returned to the facility and supplied a getaway vehicle, cash, clothes, weapons and a tool the inmates used to cut through fences and escape.

\*\*\*

"Dave Hawkins is named right above the Article as the author of the Article. On information and belief, Dave Hawkins is the news director at radio station KGMN in Kingman, Arizona. On information and belief, KGMN is owned by New West Broadcasting Systems, Inc. On information and belief, the author of the Article, Dave Hawkins, was not an employee of Righthaven, Stephens Media or LVRJ when he wrote the Article.

"To date, none of Righthaven, Stephens Media or LVRJ has produced a written document evidencing ownership by any of them, as opposed to Dave Hawkins, in the copyright in the Article despite several requests that such document be shown to the attorney that had been helping Scaccia.

"The copyright application, a copy of which is attached as Exhibit 3 to the Complaint, lists Stephens Media as the author, with the Article being a work made for hire.

"As indicated above, Dave Hawkins is the author, and without an appropriate written document signed by Mr. Hawkins, the Article is not a work made for hire. If that is the case, Plaintiff will not be entitled to statutory damages or attorney fees."

The statement about statutory damages related to the possibility that Stephens Media might one day get an assignment from Dave Hawkins. Of course, without an assignment from Dave Hawkins (**the author who submitted his article "SPECIAL TO THE LAS VEGAS REVIEW-JOURNAL"**[1]), neither Stephens Media nor Plaintiff would be entitled to any recovery for an alleged infringement.

Respectfully submitted,

Dated: May 11, 2011        By: _____
                                Michael Scaccia
                                4191 West Quail Run Road
                                P.O. Box 9466
                                Pahrump, Nevada 89060
                                Tel: 775-537-1135
                                Defendant *pro se*

---

[1] Stephens Media's website even as of today's date shows that Dave Hawkins Article is "Special to the Las Vegas Review-Journal." See the web page at this address:
http://www.lvrj.com/news/warden--other-employees-resign-from-prison-in-escape-fallout-100678314.html

PROOF OF SERVICE

I, _Matthew Kisner_, hereby certify that I am a resident of the County of _Clark_ in Nevada; I am over the age of eighteen years and am not a party to the above-titled action; and my business address is _630 S. 10th #B_, _Las Vegas_, Nevada _89101_.

I served the foregoing

      DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

on the interested parties in said action by placing a true and correct copy of that document in each of the envelopes addressed as follows and depositing each envelope in the United States Mail with first class postage prepaid thereon:

      Shawn A. Mangano
      SHAWN A. MANGANO, LTD.
      9960 West Cheyenne Avenue, Suite 170
      Las Vegas, Nevada 89129-7701

      I declare under penalty of perjury that the foregoing is true and correct.

Executed this _11th_ day of May 2011 at _Las Vegas_, Nevada.

Print name: _Matthew Kisner_