SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel:   (702) 304-0432
Fax:   (702) 922-3851

DALE M. CENDALI, ESQ. (admitted *pro hac vice*)
dale.cendali@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Tel:   (212) 446-4800
Fax:   (212) 446-4900

*Attorneys for Plaintiff Righthaven LLC*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>vs.<br><br>PAHRUMP LIFE, an entity of unknown origin and nature; MAREN SCACCIA, an individual; and MICHAEL SCACCIA, an individual,<br><br>Defendants. | Case No.:  2:10-cv-01575-JCM-PAL<br><br>**PLAINTIFF RIGHTHAVEN LLC'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

Righthaven LLC ("Righthaven") hereby moves this Court, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15-1, for an Order granting Righthaven leave to file an amended complaint alleging recent facts related to its ownership of the copyright at issue.  Righthaven's first amended complaint and a proposed order are attached as exhibits to this motion.  In support of its motion, Righthaven submits the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Righthaven seeks leave to amend its complaint in order to correct any defects in standing that exist under the original complaint. Leave to amend is liberally granted, and as explained below, courts routinely grant leave to amend in order to cure defects in standing. Further, the additional allegations in the amended complaint are limited to Righthaven's ownership of the copyright at issue and its standing to sue; thus, the amended complaint would relate back to the date of the original filing of the complaint, mooting the standing issue. Fed. R. Civ. P. 15(c). For these reasons, Righthaven's motion for leave to amend should be granted.

## II.  SUMMARY OF RELEVANT FACTS

Righthaven filed its complaint for copyright infringement against the defendants[1] on August 14, 2010 (Doc. # 1). Defendants answered the complaint (Doc. # 9) and moved for summary judgment (Doc. # 12). In its April 28, 2011 order denying summary judgment, the Court issued an order to show cause why Righthaven's complaint should not be dismissed for lack of standing. (Doc. # 21 ("Order").) In the Order, the Court expressed concern that Righthaven lacked standing to sue under the Strategic Alliance Agreement ("SAA") between Righthaven and Stephens Media. (*Id.* at 2.) Since the Court's Order, the parties, as well as *amici*, have submitted briefing on the standing issue. The hearing for the Court's Order is currently set for June 30, 2011. (Doc. # 38.)

Subsequent to the filing of Righthaven's complaint, and the Court's Order, Righthaven and Stephens Media executed the Clarification and Amendment to Strategic License Agreement ("Amendment") in order to clarify the parties' intentions regarding copyright assignments to Righthaven and to eliminate Stephens Media's right of reversion and convert its right to use an assigned copyright to a mere non-exclusive license. (Doc. # 26, Ex. 3.) As explained in detail in Righthaven's Omnibus Response to the *Amicus Curiae* Briefs of Democratic Underground and Professor Jason Schultz (Doc. # 44), there is no doubt that under the recently executed Amendment, Righthaven is the assignee and current owner of the copyrighted work at issue in this case and has standing to sue for infringement.

---

[1] For ease of reference, Righthaven refers to "defendants" both individually and collectively.

Notwithstanding Righthaven's present copyright ownership under the Amendment, another court in this District has held that because Righthaven lacked standing under the original SAA, its complaint must be dismissed because standing did not exist at the inception of the lawsuit. *Righthaven LLC v. Democratic Underground, LLC*, Doc. # 116, Case. No. 2:10-cv-01356-RLH-GWF (D. Nev.) (Hunt, J.).  In light of this decision, and to resolve any lingering procedural defect in Righthaven's standing under the original complaint, Righthaven has filed the instant motion for leave to file an amended complaint that alleges its copyright ownership under the Amendment.  In accordance with Local Rule 15-1, Righthaven has attached its proposed amended complaint to this motion.

## III.   ARGUMENT

A party may seek leave of the court to amend its pleadings, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Further, "the filing of a supplemental pleading is an appropriate mechanism for curing numerous possible defects in a complaint." *Franks v. Ross*, 313 F.3d 184, 198-99 (4th Cir. 2002) (citing *Wilson v. Westinghouse Elec. Corp.,* 838 F.2d 286 (8th Cir. 1988) (concluding that the plaintiff's amended complaint cured ripeness defect in original complaint); *Lynam v. Livingston,* 257 F. Supp. 520, 525 (D. Del. 1966) (explaining that plaintiff was entitled to supplement complaint to demonstrate that she had made mandatory demand upon corporation and thereby had standing to bring stockholder derivative suit); *Ridgeway v. Int'l Bhd. of Elec. Workers,* 466 F. Supp. 595 (N.D. Ill. 1979) (allowing amendment to add party in order to cure defect in Title VII claim); *Bates v. W. Elec.,* 420 F. Supp. 521 (E.D. Pa. 1976) (permitting plaintiffs to file amended complaint to demonstrate that, subsequent to filing of initial complaint, they complied with jurisdictional prerequisites of Title VII)).

Courts routinely allow parties to file amended complaints in order to cure standing defects existing in the original complaints. *See, e.g., Bushnell, Inc. v. Brunton Co.*, 659 F. Supp. 2d 1150, 1160 (D. Kan. 2009) (granting leave to amend complaint to cure standing defect existing at inception of lawsuit and noting that a dismissal of the case would waste judicial resources); *Northstar Fin. Advisors, Inc. v. Schwab Inv.*, 2011 WL 1312044, at *3-4  (N.D. Cal. Mar. 2, 2011) (finding that amending complaint after patent assignment to plaintiffs cured prior standing defect and that

dismissal of case would elevate form over substance); *Travelers Ins. Co. v. 633 Third Assoc.*, 973 F.2d 82, 87-88 (2d Cir. 1992) (granting plaintiff leave to file a supplemental pleading incorporating events occurring after the complaint was filed in order to establish standing); *see also Galen Med. Assoc., Inc. v. United States*, 74 Fed. Cl. 377, 382 (Fed. Cl. 2006) (amended complaint filed by re-instated corporation cured original standing defect in complaint that was filed when corporation was suspended). Further, such amendments relate back to the time of filing the original complaint pursuant to Fed. R. Civ. P. 15(c). *See In re Vivendi Universal, S.A. Sec. Litig.*, 605 F. Supp. 2d 570, 585 (S.D.N.Y. 2009) (granting plaintiffs time to acquire assignments or ratifications from real parties in interest and amend complaints to cure standing defects and holding that such amendments would relate back to original filing of complaints); *Haddad Bros. Inc. v. Little Things Mean A Lot, Inc.*, 2000 WL 1099866, at *9 (S.D.N.Y. Aug. 4, 2000) ("Initial defects in standing are remediable through an amended complaint. Where an amendment cures a standing defect, nothing in the nature of that amendment would prohibit it from relating back to the initial complaint."); *cf. Valmet Paper Mach., Inc. v. Beloit Corp.*, 868 F. Supp. 1085, 1089-1090 (W.D. Wis. 1994) ("[A] decision that the [post-filing] written assignment did not cure the standing defect would simply lead plaintiffs to amend the complaint to add the assignor and then dismiss it as an unnecessary party, or simply to reinstate the lawsuit. Either alternative would result in needless delay and needless expenditure of the parties' and the court's resources. Thus, holding that the written assignment executed only thirteen days after suit was commenced did not cure plaintiffs' standing defect would only 'exalt form over substance.'").

   As explained in detail in Righthaven's Omnibus Response to the *Amicus Curiae* Briefs of Democratic Underground and Professor Jason Schultz, even if Righthaven's standing was defective under the original SAA, Righthaven now has standing pursuant to the the recently executed Amendment between Righthaven and Stephens Media. Righthaven's First Amended Complaint includes factual allegations regarding the Assignment; thus, it cures any procedural standing defect existing under the original complaint. In order to avoid the needless additional expenditure of time and judicial resources that would result from a dismissal and re-filing of Righthaven's lawsuit, the Court should grant Righthaven leave to amend its complaint.

## IV. CONCLUSION

For the foregoing reasons, Righthaven LLC respectfully requests that the Court grant its motion for leave to file an amended complaint.

Dated this 23rd day of June, 2011.

        SHAWN A. MANGANO, LTD.

        <u>By: /s/ Shawn A. Mangano</u>
        SHAWN A. MANGANO, ESQ.
        Nevada Bar No. 6730
        shawn@manganolaw.com
        9960 West Cheyenne Avenue, Suite 170
        Las Vegas, Nevada  89129-7701
        Tel:    (702) 304-0432
        Fax:   (702) 922-3851

        KIRKLAND & ELLIS LLP
        DALE M. CENDALI, ESQ. (admitted *pro hac vice*)
        dale.cendali@kirkland.com
        601 Lexington Avenue
        New York, New York  10022
        Tel:    (212) 446-4800
        Fax:   (212) 446-4900

        *Attorneys for Righthaven LLC*

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 23rd day of June, 2011, I caused the foregoing document to be served by the Court's CM/ECF system and to be served via U.S. Mail to:

Michael Scaccia:
4191 West Quail Run Road
P.O. Box 9466
Pahrump, Nevada 89060

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel:    (702) 304-0432
Fax:    (702) 922-3851

*Attorney for Righthaven LLC*