SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel:    (702) 304-0432
Fax:    (702) 922-3851

DALE M. CENDALI, ESQ. (admitted *pro hac vice*)
dale.cendali@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel:    (212) 446-4800
Fax:    (212)446-4900

*Attorneys for Plaintiff Righthaven LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>vs.<br><br>PAHRUMP LIFE, an entity of unknown origin and nature; MAREN SCACCIA, an individual; and MICHAEL SCACCIA, an individual,<br><br>Defendants. | Case No.:  2:10-cv-01575-JCM-PAL<br><br>**[PROPOSED] FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Pahrump Life, Maren Scaccia ("Ms. Scaccia"), and Michael Scaccia ("Mr. Scaccia"; collectively with Pahrump Life and Ms. Scaccia known herein as the "Defendants") on information and belief:

**NATURE OF ACTION**

1.    This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Pahrump Life is, and has been at all times relevant to this lawsuit, an entity of unknown origin and nature.

5. Attempts to find evidence of formal organizational status in the respective Secretary of State offices of Delaware, California, Illinois, New York, Texas, Tennessee, and Nevada demonstrate that, at least with respect to these states, Pahrump Life is not a formally organized business entity.

6. Pahrump Life is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant, administrative contact, and technical contact for the Internet domain found at <pahrumplife.org> (the "Domain").

7. Ms. Scaccia is, and has been at all times relevant to this lawsuit, identified by GoDaddy as an administrative contact and technical contact for the Domain.

8. Mr. Scaccia reproduced an unauthorized copy of the Righthaven-owned literary work entitled: "Warden, other employees resign from prison in escape fallout" (the "Work"), attached hereto as Exhibit 1, and posted said unauthorized copy (the "Infringement"), attached hereto as Exhibit 2, as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website").

## JURISDICTION

9. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

10. Righthaven is the owner of the copyright in the Work.

11. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

12. The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

13. On or about August 15, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

14. At all times relevant to this lawsuit, the Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

15. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

## VENUE

16. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

17. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400(a), because the Defendants are subject to personal jurisdiction in Nevada.

## FACTS

18. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

19. The Work was originally published on or about August 14, 2010 by the Las Vegas *Review-Journal*.

20. On September 1, 2010, Stephens Media LLC ("Stephens Media), owner of the Las Vegas *Review-Journal*, assigned to Righthaven "all copyrights requisite to have Righthaven recognized as the copyright owner of the Work for purposes of Righthaven being able to claim ownership as well as the right to seek redress for past, present and future infringements of the copyright, both accrued and unaccrued, in and to the Work." (Dkt. 26, Ex. 1 (the "Assignment").)

21. Before the Assignment, Stephens Media and Righthaven had entered into a Strategic Alliance Agreement ("SAA"), which governed the relationship between the two parties. (Dkt. 26, Ex. 2.) On May 9, 2011, Stephens Media and Righthaven executed the Clarification and Amendment to Strategic License Agreement ("Amendment") in order to clarify the parties'

1  intentions regarding copyright assignments to Righthaven, and to eliminate Stephens Media's right
2  of reversion and convert Stephens Media's right to use an assigned copyright to a mere non-
3  exclusive license.  (Dkt. 26, Ex. 3.)  At least since the execution of the Amendment, Righthaven has
4  been the sole current owner of the copyright in and to the Work and has standing to sue Defendants'
5  for infringement of its copyright.

6      22.    On September 9, 2010, the United States Copyright Office (the "USCO") received
7  Righthaven's official submittal for the registration to the Work, including the application, the deposit
8  copy, and the registration fee (the "Complete Application"), Service Request No. 1-484454233, and
9  attached hereto as Exhibit 3 is the official USCO application submittal for the Work depicting the
10 occurrence of the Complete Application.

11     23.    On or about August 15, 2010, Mr. Scaccia posted the Infringement on the Website,
12 and the indication of Mr. Scaccia's posting of the Infringement is depicted in Exhibit 2, wherein the
13 Website states:  "POSTED BY MICHAEL SCACCIA PAHRUMPLIFE AT 8/15/2010
14 02:00:00 PM," immediately beneath the Infringement.

15     24.    On or about August 15, 2010, the Defendants displayed, and continue to display, the
16 Infringement on the Website.

17     25.    The Defendants did not seek permission, in any manner, to reproduce, display, or
18 otherwise exploit the Work.

19     26.    The Defendants were not granted permission, in any manner, to reproduce, display, or
20 otherwise exploit the Work.

21              **CLAIM FOR RELIEF:  COPYRIGHT INFRINGEMENT**

22     27.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 26
23 above.

24     28.    Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §
25 106(1).

26     29.    Righthaven holds the exclusive right to prepare derivative works based upon the
27 Work, pursuant to 17 U.S.C. § 106(2).

28     30.    Righthaven holds the exclusive right to distribute copies of the Work, pursuant to

17 U.S.C. § 106(3).

31. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

32. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

33. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

34. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

35. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

36. Pahrump Life has willfully engaged in the copyright infringement of the Work.

37. Ms. Scaccia has willfully engaged in the copyright infringement of the Work.

38. Mr. Scaccia has willfully engaged in the copyright infringement of the Work.

39. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

40. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from

1  directly or indirectly infringing the Work by reproducing the Work, preparing derivative works
2  based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering,
3  directing, participating in, or assisting in any such activity;
4      2.    Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or
5  electronic copies:
6          a.    All evidence and documentation relating in any way to the Defendants' use of
7      the Work, in any form, including, without limitation, all such evidence and documentation
8      relating to the Website;
9          b.    All evidence and documentation relating to the names and addresses (whether
10     electronic mail addresses or otherwise) of any person with whom the Defendants have
11     communicated regarding the Defendants' use of the Work; and
12         c.    All financial evidence and documentation relating to the Defendants' use of
13     the Work;
14     3.    Order the surrender to Righthaven all hardware, software, electronic media and
15 domains, including the Domain, used to store, disseminate and display the unauthorized versions of
16 any and all copyrighted Works as provided for under 17 U.S.C. § 505(b) and/or as authorized by
17 Federal Rule of Civil Procedure 64;
18     4.    Award Righthaven statutory damages for the willful infringement of the Work,
19 pursuant to 17 U.S.C. § 504(c);
20     5.    Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven
21 in bringing this action, pursuant to 17 U.S.C. § 505;
22     6.    Award Righthaven pre- and post-judgment interest in accordance with applicable law;
23 and
24     7.    Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this 23rd day of June, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel:      (702) 304-0432
Fax:     (702) 922-3851

KIRKLAND & ELLIS LLP
DALE M. CENDALI, ESQ. (admitted *pro hac vice*)
dale.cendali@kirkland.com
601 Lexington Avenue
New York, New York  10022
Tel:      (212) 446-4800
Fax:     (212) 446-4900

*Attorneys for Righthaven LLC*

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 23rd day of June, 2011, I caused the foregoing document to be served by the Court's CM/ECF system and to be served via U.S. Mail to:

Michael Scaccia:
4191 West Quail Run Road
P.O. Box 9466
Pahrump, Nevada 89060

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel:    (702) 304-0432
Fax:    (702) 922-3851

*Attorney for Righthaven LLC*