1  J. Todd Kincannon
       (*Subject to Admission Pro Hac Vice*)
2  THE KINCANNON FIRM
   1329 Richland Street
3  Columbia, South Carolina 29201
   Telephone:  877-992-6878
4  Facsimile:   888-704-2010
   *Todd@TheKincannonFirm.com*
5
   Clyde DeWitt
6  Nevada Bar Number 9791
   LAW OFFICES OF CLYDE DEWITT, APC
7  732 S. Sixth Street, Suite 100
   Las Vegas, NV 89101
8  (702) 386-1756
   Fax (310) 362-8667
9  *clydedewitt@earthlink.net*

10 Attorneys for *Amicus Curiae*,
   Citizens against Litigation Abuse, Inc.
11

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

## SOUTHERN DIVISION

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-Liability company, | Case No: 2:10-cv-01575-JCM-PAL |
| Plaintiff, | Hon. James C. Mahan, United States District Judge |
| vs. | Hon. Peggy A. Leen United States Magistrate Judge |
| PAHRUMP LIFE, an entity of unknown origin and nature; MAREN SCACCIA, an individual; and MICHAEL SCACCIA, an individual, | **MOTION OF CITIZENS AGAINST LITIGATION ABUSE, INC. FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF** |
| Defendants. | |

## MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

Citizens Against Litigation Abuse, Inc. ("*Amicus*"), not a party to this action, hereby moves for leave to file the accompanying *Amicus Curiae* Brief in the above-captioned matter, in response to Plaintiff Righthaven LLC's Omnibus Response to the Amicus Curiae Briefs of Democratic Underground and Professor Jason Schultz, Doc. #44. No parties have been contacted with regard to the filing of this brief. The undersigned respectfully request the Court's indulgence with this motion, which is slightly longer than a typical motion for leave to file such a brief. The undersigned seek not to present argument in this motion but to demonstrate the deeply important First Amendment issues involved in the Righthaven litigation.

The impetus behind *Amicus* presenting a brief to this Court is Righthaven's newly-filed Omnibus Response. *Amicus* submits that the argument in Righthaven's Omnibus Response regarding assignments is deeply flawed, as explained in the brief. Righthaven has signaled its intent to continue modifying its assignments, over and over, until it finds the magic words that allow it to continue its litigious campaign. *Amicus* respectfully submits that the argument and authority in its brief will potentially be of assistance to the Court in resolving these matters with some permanence.

*Amicus* Citizens Against Litigation Abuse is a South Carolina nonprofit corporation.[1] As its name implies, *Amicus* has an interest in preventing and opposing abusive litigation. *Amicus* focuses on opposing abusive litigation in areas relating to political speech and strategic lawsuits against public participation, known as SLAPP lawsuits. *Amicus* is associated with attorney J. Todd Kincannon, a member of the South Carolina Bar who represents the Lowcountry 9/12 Project, a Tea Party group, and its president, Dana Eiser in Righthaven litigation in South Carolina. Mr. Kincannon and his clients have a direct financial interest in the outcome of that litigation, and that litigation may well be affected by this Court's decision.

The Righthaven cases directly implicate freedom of speech and have an obvious chilling effect on core political speech on the Internet. A large proportion of Righthaven cases involve core political speech, as one would expect with lawsuits filed over material appearing in newspapers. Righthaven has sued political speakers from all over the political spectrum. From left to right, from radical to moderate; no group has escaped Righthaven's litigation campaign. The following politically-oriented defendants jump out from just a quick scan of a list of Righthaven cases:

- Former Republican Senate nominee Sharron Angle;
- The Democratic Party of Nevada;
- The Democratic Underground website;

---

[1] There are other entities with similar names in other states. South Carolina's Citizens Against Litigation Abuse is not formally or informally affiliated with any other such entity.

**MOTION OF CITIZENS AGAINST LITIGATION ABUSE,
INC. FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF**                                                     Page 3

- Free Republic LLC, a conservative website;
- The Drudge Report, a major political news website;
- The Center for Intercultural Organizing;
- Thoughts From A Conservative Mom;
- Pajamas Media, a major political blogging association;
- The Second Amendment Foundation;
- Virginia Citizens Defense League, Inc.;
- Climate Change Fraud;
- The United States Marijuana Party;
- David Duke, a white supremacist and erstwhile politician;
- European-American Unity and Rights Organization, associated with Duke;
- Americans Against Food Taxes;
- America's Independent Party of Iowa;
- Americans for Legal Immigration Political Action Committee;
- American Political Action Committee;
- WeHateGringos.com, immigration activists;
- Second Amendment Sisters, Inc.;
- Americans for Immigration Reform;
- Americans for Democratic Action, Inc.;
- Independent Political Report;

- No Quarter, a national security and terrorism blog;
- Progressive Leadership Alliance of Nevada;
- Citizens for Responsibility and Ethics in Washington, Inc.;
- National Organization for the Reform of Marijuana Laws;
- Free Speech Systems, LLC; and
- Alex Jones, a libertarian talk radio host.

Perhaps Righthaven defendants Clayton Cramer and a website associated with him, *The Armed Citizen*, provide the most troubling examples of the danger posed by Righthaven. Mr. Cramer is a software engineer, historian, and scholar with an interest in the Second Amendment and the right to keep and bear arms. Mr. Cramer's work on the historical meaning of the phrase "to bear arms" was cited in Justice Scalia's majority opinion in the landmark case of *District of Columbia v. Heller*, 554 U.S. 570, 588, 128 S. Ct. 2783; 171 L. Ed. 2d 637 (2008). *Heller* is inarguably the most important decision involving the right to keep and bear arms in American history, definitively interpreting one-tenth of the Bill of Rights for the very first time, 216 years after ratification.

Mr. Cramer's scholarship was cited by the Supreme Court again in *McDonald v. City of Chicago*, 561 U.S. ___, 130 S.Ct. 3020, 3043, 177 L.Ed.2d 894 (2010), another case with profound constitutional implications. *McDonald*, a follow-up to *Heller*, incorporated the Second Amendment against the states. Mr. Cramer's work had been previously cited in *United States v. Emerson*, 46 F.Supp.2d 598, 602 (N.D.

Texas 1999), another important Second Amendment decision. On appeal, the Fifth Circuit in *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001), agreed with the District Court – and Mr. Cramer – that the Second Amendment protected an individual right to keep and bear arms. In fact, the Fifth Circuit's decision in <u>Emerson</u> created the circuit split that the Supreme Court resolved in *Heller*.

Mr. Cramer's work has also been cited in *State v. Sieyes*, 168 Wash.2d 276, 225 P.3d 995, 1001 (2010), *United States v. Skoien*, 587 F.3d 803, 810 (7th Cir. 2009), *United States v. Yancey*, 621 F.3d 681, 685 (7th Cir. 2010), *United States v. Chester*, 628 F.3d 673, 681 (4th Cir. 2010), and *Mosby v. Devine*, 851 A.2d 1031 (R.I. 2004) (citing throughout). Clearly, Mr. Cramer's work is of substantial benefit to the bench and bar.

Enter Righthaven. Righthaven filed suit against Mr. Cramer in July of 2010. Faced with the potential of an adverse judgment of $75,000 plus attorney's fees, *The Armed Citizen* website and Mr. Cramer's personal blog were shut down. Both returned after a period of time, but *The Armed Citizen* website is now on indefinite hiatus and may never return. Mr. Cramer openly admits Righthaven has severely impacted his scholarship.

Mr. Cramer's case illustrates the danger Righthaven poses to speakers engaged in core political speech. Righthaven is not pursuing people who download music or movies that they should be paying for. Righthaven's lawsuit campaign is a loaded gun aimed directly at political expression by Americans on the Internet. The words

---

**MOTION OF CITIZENS AGAINST LITIGATION ABUSE,
INC. FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF**                                                        Page 6

"chilling effect" do not do it justice.

There is a saying amongst gun-rights activists that the Second Amendment protects the First. Clayton Cramer's First Amendment rights protected the Second. Mr. Cramer's scholarship – not his profession – garnered him two citations in historic United States Supreme Court opinions, something that would earn a law professor tenure at most law schools. But most important of all may be this fact: The *Heller* opinion did not cite a law review gathering dust in a library. Mr. Cramer's article had not yet been published; and the article was only available on the Internet. Justice Scalia's citation reads:

> "See Cramer & Olson, What Did "Bear Arms" Mean in the Second Amendment?, 6 Georgetown J.L. & Pub. Pol'y (forthcoming Sept. 2008), online at http://papers.ssrn.com/abstract=1086176 (as visited June 24, 2008, and available in Clerk of Court's case file) (identifying numerous nonmilitary uses of "bear arms" from the founding period)."

*District of Columbia v. Heller*, 554 U.S. 570, 588 (2008).

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

1  In determining the correct meaning of words written by our Founding Fathers, the Supreme Court of the United States found value in an article posted on the Internet by a software engineer with a passion for history. Righthaven – rightly or wrongly – jeopardizes that, and for that reason Citizens Against Litigation Abuse respectfully requests leave to file an *amicus curiae* brief in this matter.

Dated: June 27, 2011               Respectfully Submitted,

                                            J. TODD KINCANNON
                                                (*Subject to Admission Pro Hac Vice*)
                                            THE KINCANNON FIRM

                                            CLYDE DeWITT
                                            LAW OFFICES OF CLYDE DeWITT, APC


                                            By: _____
                                                 Clyde DeWitt

                                            Counsel for *Amicus Curiae*,
                                            Citizens against Litigation Abuse, Inc.