LAURENCE F. PULGRAM (*Pro Hac Vice*)
lpulgram@fenwick.com
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Telephone:   (415) 875-2300
Facsimile:    (415) 281-1350

CHAD BOWERS (NV State Bar No. 7283)
chadalbertbowers@gmail.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone:    (702) 457-1001

Attorney for Amicus Curiae
DEMOCRATIC UNDERGROUND, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PAHRUMP LIFE, a entity of unknown origin and nature; MAREN SCACCIA, an individual; and MICHAEL SCACCIA, an individual,<br><br>Defendants. | Case No. 2:10-cv-01575-JCM (PAL)<br><br>**AMICUS CURIAE DEMOCRATIC UNDERGROUND LLC'S RESPONSE TO RIGHTHAVEN'S MOTION FOR LEAVE TO AMEND** |

1  Amicus Democratic Underground, LLC ("Amicus") has been granted leave to appear
2  before this Court to address the Court's Order to Show Cause ("OSC") why Plaintiff Righthaven,
3  LLC's ("Righthaven") compliant should not be dismissed for lack of standing.  After full briefing
4  on the pending OSC, Righthaven has formally moved for leave to amend its complaint (Dkt. 45)
5  in order to attempt to cure its lack of standing by adding facts relating to its execution of the
6  May 9 Amendment to the Strategic Alliance Agreement ("SAA").  *See* Dkt. 45-1 Exh. 1 ¶ 21
7  (proposed First Amended Complaint, adding reference to the May 9 Amendment as the only new
8  basis purportedly creating standing).

9  The facts and arguments relating to the May 9 Amendment are, of course, already before
10 the Court.  The Amendment was filed by Righthaven in Dkt. 26 as Exh. 3, along with two
11 declarations Righthaven submitted on the subject, Dkt. 26 and 27.  Righthaven has also already
12 briefed the purported effect of the May 9 Amendment, including in its Response to the Amici's
13 briefs on the OSC, in which the Amici explained the insufficiency of the Amendment to cure the
14 standing defects.  *See also Righthaven, LLC v. Hoehn*, Case No. 2:11-cv-00050-PMP,
15 __ F. Supp. 2d __, 2011 WL 2441020 (D. Nev. June 20, 2011) (even after the May 9
16 Amendment, "Righthaven does not have any exclusive rights in the Work....").  Nevertheless,
17 Righthaven's motion for leave to amend makes the same argument as did its briefing on the OSC
18 and in *Righthaven v. Hoehn*—that the May 9 Amendment is sufficient to create standing.  In
19 short, a decision on the motion for leave to amend will depend on the Court's determination of
20 the same issue as the OSC.

21 On June 27, 2011, this Court set a July 13, 2011 hearing date for Righthaven's motion for
22 leave to amend, and reset the hearing date on its OSC to July 27, 2011 because "resolution of the
23 motion to amend could affect the court's ruling on the order to show cause."  Dkt. 47.  As
24 explained in its Reply brief on the OSC, Amicus does not believe Righthaven's incantation of the
25 May 9 Amendment in its proposed amended complaint cures Righthaven's lack of standing and
26 accordingly, believes that the motion for leave to amend should be denied as futile.  Dkt. 50 at 19

27
28

DU'S RESPONSE TO RIGHTHAVEN'S
MOTION FOR LEAVE TO AMEND                    2                    Case No. 2:10-cv-01575-JCM (PAL)

n.13.[1]  Moreover, given that Righthaven's proposed fix to standing is entirely reliant on the May 9 Amendment that is fully briefed in relation to this Court's OSC, Amicus respectfully suggests that two hearings on this subject are unnecessary and that the Court may wish to consolidate hearing of the motion for leave to amend with the OSC on July 27, 2011, at which Amicus has been granted leave to appear.

Dated: July 5, 2011

Respectfully,

FENWICK & WEST LLP

By: */s/ Laurence F. Pulgram*
Laurence F. Pulgram

Attorneys for Amicus Curiae
DEMOCRATIC UNDERGROUND, LLC

---

[1] In addition, Righthaven's proposed Amended Complaint inexplicably asserts a claim for seizure of Defendant's domain name, a theory that has been twice dismissed as a matter of law. *Righthaven, LLC v. DiBiase*, 2011 WL 1458778, *2 (D. Nev. Apr. 15, 2011) ("Righthaven's request for [seizure of domain name] fails as a matter of law and is dismissed"); *accord Righthaven LLC v. Choudhry*, 2011 WL 1743839, *5 (D. Nev. May 03, 2011).