LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

CHAD BOWERS (NV State Bar No. 7283)
chadalbertbowers@gmail.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone:     (702) 457-1001

Attorneys for Amicus Curiae
Democratic Underground, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>                    Plaintiff,<br>       v.<br><br>PAHRUMP LIFE, an entity of unknown origin and nature; MAREN SCACCIA , an individual; and MICHAEL SCACCIA, an individual,<br><br>                    Defendants. | Case No. 2:10-cv-01575-JCM (PAL)<br><br>**[PROPOSED] ORDER DISMISSING RIGHTHAVEN'S COMPLAINT AND DENYING PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT** |

Presently before the Court is the Order to Show Cause why the Court should not dismiss the instant action for lack of standing (Dkt. 21) and Plaintiff Righthaven's motion for leave to amend its complaint (Dkt. 45).

Righthaven filed a response to the Order to Show Cause (Dkt. 25), an omnibus reply brief to various amicus briefs (Dkt. 44), the abovementioned motion for leave to amend (Dkt. 45), a supplemental brief to its motion to amend (Dkt. 57) and a supplemental reply memorandum (Dkt. 62). Defendant Michael Scaccia filed a response to the order to show cause. (Dkt. 30). *Amicus* Democratic Underground filed a reply to Righthaven's response (Dkt. 32) and a response to the motion to amend (Dkt.57). *Amicus* Jason Schultz filed an amicus brief and reply brief. (Dkt. 36 and 46). *Amicus* Citizens Against Litigation Abuse, Inc. filed an amicus brief. (Dkt. 48). *Amici* Democratic Underground, Professor Schultz, and Citizens Against Lawsuit Abuse filed an omnibus reply to Righthaven's supplemental brief. (Dkt. 58). *Amicus* Media Bloggers Association did not file a brief but argued at the July 27, 2011 hearing. Having considered all of those filings and the arguments of counsel, the court makes the following findings and order:

## FACTUAL BACKGROUND

Righthaven asserts that Stephens Media LLC ("Stephens Media"), publisher of the *Las Vegas Review-Journal,* assigned it the copyright to an August 14, 2010 article entitled "Warden, other employees resign from prison in escape fallout." The Assignment purportedly transfers "all copyrights requisite to have Righthaven recognized as the copyright owner of the Work for purposes of Righthaven being able to claim ownership as well as the right to seek redress for past, present and future infringements of the copyright." (Dkt. 26, Ex. 1).

Stephens Media and Righthaven also entered into a Strategic Alliance Agreement (SAA), which governed the relationship between these parties. ("SAA," Dkt. 26, Ex. 2).

On April 29, 2011, this Court issued an Order to Show Cause why it should not dismiss this case for lack of standing based on the limitations on Righthaven's copyright ownership under the SAA. On May 9, 2011, Righthaven and Stephens Media executed the "Clarification and Amendment to Strategic Alliance Agreement." ("Clarification," Dkt. 26, Ex. 3).

On June 23, 2011, Righthaven moved to amend its complaint pursuant to Rule 15(a), seeking to add allegations regarding its standing under the May 9th Clarification. (Dkt.45). On July 7, 2011, Righthaven and Stephens Media executed the "Amended and Restated Strategic Alliance Agreement" (the "Restated SAA," Dkt. 57, Ex. 1). On July 11, 2011 Righthaven filed a supplemental brief seeking leave to file a revised amended complaint that included allegations regarding its standing under the Restated SAA. (Dkt. 57).

## DISCUSSION

To show standing, Righthaven must plead an injury in fact at the time of the complaint. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)) (standing is based upon the facts when the complaint is filed). The Court elects to follow the other decisions from this District and find that Righthaven lacks standing to maintain this action because it lacked ownership of the copyright under the SAA, which was in force when the complaint was filed. In so finding, the Court declines to consider Righthaven's standing under the Clarification or the Restated SAA, which the company sought to place at issue through its motion to amend, because these agreements were not part of the jurisdictional facts in existence at the time this case was filed. *Lujan*, 504 U.S. at 560; *see also Newman-Green, Inc.*, 490 U.S. at 830 (standing is based upon the facts when the complaint is filed). Accordingly, the Court denies Righthaven's motion to amend.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend the Complaint is DENIED and Plaintiff's Complaint is hereby DISMISSED without prejudice.

Dated: _____  By: _____
The Hon. James C. Mahan
United States District Court Judge