LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

CHAD BOWERS (NV State Bar No. 7283)
chadalbertbowers@gmail.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone:     (702) 457-1001

Attorneys for Amicus Curiae
Democratic Underground, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>      Plaintiff,<br><br>  v.<br><br>PAHRUMP LIFE, an entity of unknown origin and nature; MAREN SCACCIA, an individual; and MICHAEL SCACCIA, an individual,<br><br>      Defendants. | Case No. 2:10-cv-01575-JCM (PAL)<br><br>**ORDER DISMISSING RIGHTHAVEN'S COMPLAINT AND DENYING PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT** |

Presently before the court is the order to show cause why the court should not dismiss the instant action for lack of standing (Dkt. # 21) and plaintiff Righthaven's motion for leave to amend its complaint (Dkt. # 45).

Righthaven has filed a response to the order to show cause (Dkt. # 25), an omnibus reply brief to various *amicus* briefs (Dkt. # 44), the abovementioned motion for leave to amend (Dkt. # 45), a supplemental brief to its motion for leave to amend (Dkt. # 57), and a supplemental reply memorandum (Dkt. # 62). Defendant Michael Scaccia has filed a response to the order to show cause (Dkt. # 30). *Amicus* Democratic Underground has filed a reply to Righthaven's response (Dkt. # 32) and a response to the motion to amend (Dkt. #57). *Amicus* Professor Jason Schultz has filed an amicus brief and reply brief (Dkt. # 36 and 46). *Amicus* Citizens Against Lawsuit Abuse, Inc., has filed an *amicus* brief (Dkt. # 48). *Amici* Democratic Underground, Professor Schultz, and Citizens Against Lawsuit Abuse have together filed an omnibus reply to Righthaven's supplemental brief (Dkt. # 58). *Amicus* Media Bloggers Association did not file a brief but argued at the hearing. Having considered all of those filings and the arguments of counsel, the court makes the following findings and order:

## BACKGROUND

On January 18, 2010, attorney Steven A. Gibson (through his company Net Sortie Systems LLC), along with the family of Warren Stephens (through their investment vehicle SI Content Monitor LLC), executed the Righthaven operating agreement ("RHOA," Dkt. # 32-2, Exh. 1), creating Plaintiff, Righthaven LLC. The RHOA describes Righthaven's business objectives. Righthaven seeks a "limited, revocable assignment (with a license-back) of copyright from third Persons." RHOA § 3.2(c). It then obtains copyright registrations listing itself as the copyright owner and files lawsuits with the understanding that the real copyright owner "would ultimately enjoy the copyright registration." *Id.* §§ 3.2(c), (d). Righthaven's initial partner was Stephens Media, LLC ("Stephens Media") (also part of the Stephens family's investments), the publisher of the Las Vegas *Review-Journal*.

Within two months of the execution of the RHOA, Righthaven's litigation campaign began. *See* complaint, *Righthaven LLC v. MoneyReign, Inc.*, No. 2:10-cv-00350 (D. Nev. Mar.

[PROPOSED] ORDER 1 CASE NO. 2:10-cv-01575-JCM (PAL)

13, 2010). Since then, Righthaven has filed over 200 lawsuits in this district, including this case, which was filed on September 14, 2010. Each of those lawsuits was premised on the allegation that Stephens Media assigned various copyrights to Righthaven, which were documented by a purported "assignment" of a Las Vegas *Review-Journal* article.[1] The assignment in this present matter (Dkt. # 26, Exh. 1) purportedly transfers "all copyrights requisite to have Righthaven recognized as the copyright owner of the Work for purposes of Righthaven being able to claim ownership as well as the right to seek redress for past, present and future infringements of the copyright." In this case, Righthaven asserts that Stephens Media assigned it the copyright to an August 14, 2010, Las Vegas *Review-Journal* article entitled "Warden, other employees resign from prison in escape fallout."[2]

However, Stephens Media and Righthaven entered into the "Strategic Alliance Agreement" ("SAA," Dkt. # 26, Exh. 2) that explains what actually happens "[d]espite any such Copyright Assignment." SAA, Section 7.2. The SAA was not disclosed to the public or to this court until recently as a result of other litigation. (*Righthaven LLC v. Democratic Underground, LLC*, 2011 WL 1457743 (D. Nev. April 14, 2011) (unsealing the SAA)). Instead of the usual benefits of copyright ownership, under the SAA, "Righthaven shall have no right or license to Exploit or participate in the receipt of royalties from the Exploitation of the Stephens Media Assigned Copyrights other than the right to proceeds in association with a Recovery." SAA, Section 7.2. In addition, the SAA provided that "Stephens Media shall have the right at any time to terminate, in good faith, any Copyright Assignment (the "Assignment Termination") and enjoy a right of complete reversion to the ownership of any copyright that is subject of a Copyright Assignment." SAA, Section 8. While Stephens Media is entitled to half of the recovery from Righthaven's lawsuits (less costs) (SAA, Section 5) when Righthaven filed its complaints, it did not list Stephens Media as a party with "a direct, pecuniary interest in the outcome of the case" as

---

[1] To the Court's knowledge, the sole exception is *Righthaven v. Allec*, Case No. 2:2011-cv-00532-KJD (filed April 8, 2011), in which Righthaven allegedly acquired the copyright at issue from a different third party.

[2] The article is available, for no charge, on the Las Vegas *Review-Journal* website: http://www.lvrj.com/news/warden--other-employees-resign-from-prison-in-escape-fallout-100678314.html.

required by Local Rule 7.1-1 (Dkt. # 5).[3] This failure to disclose Stephens Media's interest subsequently resulted in an order of sanctions. *Democratic Underground,* Dkt. 138.

Before the SAA was disclosed publicly, Righthaven misled "the district judges of this district to believe that it was the true owner of the copyright in the relevant news articles." *Democratic Underground*, 2011 WL 2378186 at *6. It obtained numerous settlements of its cases. Once the SAA became publicly known, however, several defendants challenged Righthaven's right to bring its lawsuits, contending that the arrangement between Righthaven and Stephens Media failed to convey any of the exclusive rights under the Copyright Act, leaving Righthaven without a cause of action. On April 29, 2011, this court issued an order to show cause why it should not dismiss this case for lack of standing.

On May 9, 2011, the day its response to this court's order to show cause was due, Righthaven and Stephens Media executed a document entitled the "Clarification and Amendment to Strategic Alliance Agreement." ("Clarification," Dkt. # 26, Exh. 3). The clarification states that it amends sections 7.2 and 8 of the SAA and replaces them with new sections 7.2, 8.1 and 8.2. *Id.* On June 14, Judge Hunt found that Righthaven did not own the copyright under the original SAA. *Righthaven LLC v. Democratic Underground, LLC,* No. 2:10-cv-01356-RLH, __ F. Supp. 2d __, 2011 WL 2378186 (D. Nev., June 14, 2011). On June 20, Judge Pro concurred and also found that Righthaven did not own the copyright under the Clarification. *Righthaven, LLC v. Hoehn*, No. 2:11-cv-00050-PMP, 2011 WL 2441020 (D. Nev. June 20, 2011).

On June 23, 2011, Righthaven moved to amend its complaint pursuant to Rule 15(a), seeking to add the May 9 clarification to the allegations in its complaint (Dkt. #45). On July 7, 2011, Righthaven and Stephens Media executed a document entitled the "Amended and Restated Strategic Alliance Agreement" (the "restated SAA," Dkt. 57, Exh. 1). On July 11, 2011, Righthaven filed a supplemental brief (Dkt. # 57), seeking leave to file a different amended complaint that includes allegations about both the clarification and the restated SAA.

---

[3]Following an order to show cause why it should not be sanctioned for failing to disclose Stephens Media's interest issued in the *Democratic Underground* case, Righthaven filed a revised certificate of interested parties (Dkt. #43).

**DISCUSSION**

To show standing, Righthaven must plead an injury in fact at the time the complaint is filed. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)) (standing is based upon the facts when the complaint is filed).

Moreover, "[t]he right to sue for an accrued claim for infringement is not an exclusive right under § 106." *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (2005). "Exclusive rights in a copyright may be transferred and owned separately, but . . . [there are] no exclusive rights other than those listed in § 106." *Id*. at 885. These rights include reproduction, preparation of derivative works, distribution, and display of copies. 17 U.S.C. § 106(1)-(6).

Accordingly, pursuant to Section 501(b) of the Copyright Act, a plaintiff "must have a legal or beneficial interest in at least one of the exclusive rights described in § 106" to bring a copyright infringement action. *Id*. Thus, "only copyright owners and exclusive licensees of copyright may enforce a copyright." *Sybersound Records v. UAV Corp*., 517 F.3d 1137, 1144 (9th Cir. 2008); *see also Feist Publ'ns, Inc. v. Rural Telephone Serv. Co., Inc*., 499 U.S. 340, 361 (1991) (ownership of the copyrighted work is an element of a copyright claim); *Ellison v. Robertson*, 357 F.3d 1072, 1077 (9th Cir. 2004) (same). Moreover, "[t]he Copyright Act [does not] permit holders of rights under copyrights to choose third parties to bring suits on their behalf." *Silvers*, 402 F.3d at 889, citing *Eden Toys, Inc. v. Florelee Undergarment Co.,* 697 F.2d 27, 32 n. 3 (2d Cir. 1982).

Several decisions in this district have examined the SAA and correctly found that it does not transfer true ownership of the copyrighted work to Righthaven. "[T]he SAA in its original form qualifies the Assignment with restrictions or rights of reversion, such that in the end, Righthaven is not left with ownership of any exclusive rights." *Hoehn*, 2011 WL 2441020, *5; *accord Righthaven, LLC v. DiBiase,* No. 2:10-cv-01343-RLH, 2011 WL 2473531 (D. Nev. June 22, 2011); *Righthaven, LLC v. Barham,* No. 2:10-cv-02150-RLH, 2011 WL 2473602 (D. Nev. June 22, 2011). "[T]he SAA prevents Plaintiff from obtaining any of the exclusive rights necessary to maintain standing in a copyright infringement action." *Righthaven, LLC v. Mostofi*,

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Number:
5347168

No. 2:10-cv-01066-KJD-GWF, 2011 WL 2746315, *5 (D. Nev. July 13, 2011). "[T]he plain language of the SAA conveys the intent to deprive Righthaven of any right, save for the right to sue alleged infringers and profit from such lawsuits." *Democratic Underground,* 2011 WL 2378186, *4. "[T]he SAA makes abundantly clear [that] Stephens Media *retained* the exclusive rights, never actually transferring them to Righthaven." *Id.* at *6 (emphasis original).

Moreover, it is clear from the language of the RHOA that it was never the intent of the parties that created Righthaven for true copyright ownership to vest. Instead, Righthaven was created solely to acquire a "limited, revocable assignment (with a license-back) of copyright from third Persons." RHOA § 3.2(c). That further supports the finding that Righthaven lacks the requisite ownership rights to assert standing in this action.

In the wake of multiple decisions finding that Righthaven did not own the copyright, Righthaven and Stephens Media signed what they described as a "clarification" to the SAA on May 9, 2011. In its motion for leave to amend (Dkt. # 45), Righthaven initially urged this court to consider the clarification instead of the original SAA.[4] However, the clarification fails because it is merely an attempt by Righthaven and Stephens Media to impermissibly change the facts as pleaded in the complaint to manufacture standing instead of truly clarifying an ambiguity or honest mistake in alleging those facts as they originally stood at the time this lawsuit was initiated. *See Democratic Underground*, 2011 WL 2378186, at *4. Moreover, as Judge Pro found, the "May 9, 2011 Clarification . . . does not provide Righthaven with any exclusive rights necessary to bring suit." *Hoehn*, 2011 WL 2441020 at *6.

After the *Hoehn* decision found that the clarification did not succeed, Righthaven and Stephens Media tried once again to alter the SAA, creating the restated SAA on July 7, 2011, and now seek permission in this case to file and serve a second amended complaint, alleging the

---

[4] Righthaven moved to amend pursuant to Rule 15(a)(2). Rule 15(d) is the appropriate rule for "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.Proc. 15(d); *U.S. for Use and Benefit of Wulff v. CMA, Inc.*, 890 F. 2d 1070, 1073 (9th Cir.1989). Because the execution of both the Clarification and the Restated SAA happened after the date of the Complaint that Righthaven seeks to supplement, Righthaven's motion should have been pursuant to Rule 15(d). *Id.* The Court will treat the motion as a motion to supplement.

[PROPOSED] ORDER  5  CASE NO. 2:10-cv-01575-JCM (PAL)

restated SAA as the basis for standing in this action. However, this approach fails for two reasons.

First, as with the clarification, the Restated SAA does not simply attempt to clarify or supplement the facts pleaded in the complaint with additional facts that were present at the time of filing; rather, the restated SAA presents a new set of facts with respect to the alleged copyright ownership for the court to consider. That is impermissible under the Supreme Court's jurisprudence on standing. *See Newman-Green*, 490 U.S. at 830. Second, while Plaintiff attempts to present the restated SAA as simply "restating" the original SAA document, the restated SAA's terms substantially contradict the original SAA and the clarification, as well as the business objectives of the RHOA. These contradictions cannot be reconciled with the original complaint. Righthaven cannot cure its lack of ownership at the initiation of this lawsuit by means of a *nunc pro tunc* amendment. *See Bushnell, Inc. v. Brunton Co.*, 659 F. Supp. 2d 1150, 1160-61 (D. Kan. 2009). Defective allegations may be amended, but not defects in the facts themselves.

## CONCLUSION

Having considered both the parties' written argument and oral argument at the July 27, 2011, hearing on the order to show cause, and in light of the above findings of fact and conclusions of law, the court now requests further briefing regarding the relationship of Righthaven's ownership of the copyright at the time the suit was filed to (1) Righthaven's standing in this case and (2) the merits of Righthaven's copyright infringement claim. The court also requests briefing on how the relationship of these two issues affects dismissal of the case; specifically, whether the matter should now be dismissed with or without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the parties shall submit further briefing, if any, regarding the above-cited issues by August 30, 2011. Thereafter, the court will issue a written order disposing of the case.

| | | | |
|---|---|---|---|
| Dated: | August 12, 2011 | By: | /s/ James C. Mahan |
| | | | The Hon. James C. Mahan |
| | | | United States District Court Judge |