LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415-875-2300
Facsimile: 415-281-1350

Attorneys for *Amicus Curiae*
Democratic Underground, LLC

CHAD BOWERS (NV State Bar No. 7283)
chadalbertbowers@gmail.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: 702-457-1001

Attorneys for *Amici Curiae*
Democratic Underground, LLC and
Professor Jason Schultz

J. TODD KINCANNON (*Pro Hac Vice*)
Todd@TheKincannonFirm.com
THE KINCANNON FIRM
1329 Richland Street
Columbia, South Carolina 29201
Telephone: 877-992-6878
Facsimile: 888-704-2010
        -and-
CLYDE DEWITT (NV State Bar No. 9791)
clydedewitt@earthlink.net
LAW OFFICES OF CLYDE DEWITT, APC
732 S. Sixth Street, Suite 100
Las Vegas, NV 89101
Telephone: 702-386-1756
Facsimile: 310-362-8667

Attorneys for *Amicus Curiae*
Citizens against Litigation Abuse, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>                Plaintiff,<br>    v.<br><br>PAHRUMP LIFE, an entity of unknown origin and nature; MAREN SCACCIA, an individual; and MICHAEL SCACCIA, an individual,<br><br>                Defendants. | Case No. 2:10-cv-01575-JCM (PAL)<br><br>***AMICI CURIAE* DEMOCRATIC UNDERGROUND LLC, PROF. JASON SCHULTZ AND CITIZENS AGAINST LITIGATION ABUSE, INC.'S RESPONSE TO COURT ORDER FOR FURTHER BRIEFING [DKT. NO. 67]** |

## *AMICI CURIAE* BRIEF

### I. INTRODUCTION

Righthaven LLC ("Righthaven") has lost its lawsuit because it failed to prove an essential element of its claim – ownership of a Section 106 rights in the copyrighted work.  As such, the case was decided on the merits and should be dismissed with prejudice.  In its response to the Court's Order to Show Cause (Dkt. 25), Righthaven had ample opportunity to present evidence and argument to support its claim of ownership.  This Court, like many others, found Righthaven was unable to do so.  *See Righthaven, LLC v. Democratic Underground, LLC*, No. 2:10-cv-01356-RLH, 2011 WL 2378186 (D. Nev. June 14, 2011); *Righthaven, LLC v. Hoehn*, No. 2:11-cv-00050-PMP, 2011 WL 2441020 (D. Nev. June 20, 2011); *Righthaven, LLC v. DiBiase*, No. 2:10-cv-01343-RLH, 2011 WL 2473531 (D. Nev. June 22, 2011); *Righthaven, LLC v. Barham*, No. 2:10-cv-02150-RLH, 2011 WL 2473602 (D. Nev. June 22, 2011); *Righthaven LLC v. Mostofi*, No. 2:10–cv–1066–KJD, 2011 WL 2746315 (D. Nev. July 13, 2011); *Righthaven, LLC v. Hyatt*, No. 2:10-cv-01736-KJD, Dkt. 42 (D. Nev. Aug. 19, 2011).

The Court has asked for further briefing on "whether the matter should now be dismissed with or without prejudice" in light of its determination.  *Amici* Democratic Underground, Professor Jason Schultz, and Citizens against Litigation Abuse, Inc. respectfully submit this brief in response.  As explained in detail below, without ownership of the copyright at the time the suit was filed, Righthaven's suit fails both on the merits (because ownership is an element of its copyright claim) and for lack of standing (because without ownership, it cannot have suffered an injury-in-fact sufficient to bring a claim under the copyright laws).  Since ownership is both an issue of the merits and an issue of standing, those issues are inherently intertwined.  Because Righthaven lost on both grounds, its case must be dismissed with prejudice.

### II. ARGUMENT

#### A. Ownership Is a Necessary Element of Righthaven's Copyright Claim

There is no dispute that ownership of the copyright is a necessary part of Righthaven's copyright infringement action.  August 12 Order at 4; *see also* 17 U.S.C. § 501(a); *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co., Inc.,* 499 U.S. 340, 361 (1991) ("To establish infringement, two

1 elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent
2 elements of the work that are original."); *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir.
3 2004); *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011).  Indeed,
4 Righthaven has conceded as much, stating that the "law is venerable that to prove copyright
5 infringement, one must demonstrate . . . ownership of the allegedly infringed work."  Righthaven
6 Motion for Voluntary Dismissal (*Democratic Underground*, No. 2:10-cv-01356-RLH, Dkt. 36)
7 at 16.
8       As the plaintiff in this case, Righthaven "bears the burden of proving copyright
9 ownership."  *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, No. 09-56317, 2011 WL 3633512, at *3
10 (9th Cir. Aug. 19, 2011) (citing *Litchfield v. Spielberg*, 736 F.2d 1352, 1355 (9th Cir.1984) ("To
11 prove copyright infringement, the plaintiff must show . . . ownership of the copyright . . . .")).
12 Assignment of burden further confirms that copyright ownership is an element of a claim and
13 meant to be part of a merits determination.  Moreover, pursuant to the Court's Order to Show
14 Cause, Righthaven was on notice that it had to show ownership, and was given an opportunity to
15 introduce evidence, which it attempted to do.  *See* Declaration of Steven Gibson (Dkt. 26) and
16 Declaration of Mark Hineuber (Dkt. 27).  However, after examining the Strategic Alliance
17 Agreement ("SAA," Dkt. 26, Exh. 2), the purported Assignment (Dkt. 26, Exh. 1) and other
18 evidence, this Court determined that Righthaven was not the owner of the copyrighted work.  *See*
19 August 12 Order.  Accordingly, Righthaven has lost on the merits of this essential element of its
20 copyright claim.

21       **B.     Ownership is Also An Independent Requirement for Standing**
22       In addition to being an essential element of a copyright claim and thus a part of a merits
23 determination, copyright ownership also serves as an *independent* requirement to show standing
24 under Article III of the Constitution and the Supreme Court's *Lujan* line of cases.  Without
25 ownership of a copyright, plaintiffs such as Righthaven cannot "have suffered an 'injury in fact'—
26 an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual
27 or imminent, not conjectural or hypothetical."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560
28 (1992) (citations and quotations omitted).  Where a plaintiff "is not the owner of the copyrights,

1 and it does not have a beneficial interest in the copyrights it alleges defendant violated, it could not
2 have suffered an invasion of its legally protected interest." *Vianix Delaware LLC v. Nuance*
3 *Commc'ns, Inc.*, No. 09-0067, 2009 WL 1364346, at *2 (D. Del. May 12, 2009) (holding that
4 plaintiff did not have standing to bring copyright infringement action because it did not own or
5 retain a beneficial interest in copyrights at issue).  As the Ninth Circuit stated in *Silvers v. Sony*
6 *Pictures Entm't, Inc.*, 402 F.3d 881, 890 (9th Cir. 2005), "a party that has no ownership interest
7 has no standing to sue; the Copyright Act does not permit copyright holders to choose third parties
8 to bring suits on their behalf." (quoting *ABKCO Music Inc. v. Harrisongs Music, Ltd.* 944 F.2d
9 971, 980 (2d Cir. 1991) (internal quotation omitted)).  Accordingly, Righthaven has lost on
10 standing and the merits simultaneously due to its lack of ownership.

11       **C.**     **Jurisdiction and Merits Are Inextricably Intertwined in the Issue of Ownership of a Copyright**
12

13 Righthaven has attempted to conflate the two distinct roles that copyright ownership plays
14 in this litigation in order to avoid the preclusive effect of dismissal with prejudice; however,
15 because proof of copyright ownership goes to both merits and standing, a finding of failure to
16 prove ownership can and should have preclusive effects.  Moreover, the issue of standing presents
17 an issue of justiciability.  *See HyperQuest, Inc. v. N'Site Solutions, Inc.*, 559 F. Supp. 2d 918, 920
18 (N.D. Ill. 2008), *aff'd* 632 F.3d 377 (7th Cir. 2011) (citing *Flast v. Cohen*, 392 U.S. 83, 98-99
19 (1968)).  Justiciability is one species of "jurisdiction," in the sense that even where the court has
20 jurisdiction over the subject matter (such as a federal question) in the traditional sense, it still is
21 said to lack jurisdiction to decide a case that is non-justiciable because it is moot, not ripe, or as to
22 which there is no standing.  *Id.*

23 The Ninth Circuit has explained, "an intertwining of jurisdiction and merits may occur
24 when a party's right to recovery rests upon the interpretation of a federal statute that provides both
25 the basis for the court's subject matter jurisdiction and the plaintiff's claim for relief." *Williston*
26 *Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly*
27 *Subterranean*, 524 F.3d 1090, 1094 (9th Cir. 2008).  Here, the Copyright Act provides both the
28 plaintiff's claim for relief and the basis for the court's subject matter jurisdiction based on a

1   federal question.  Moreover, as *Silvers* established, the Copyright Act also specifies the standard

2   for standing.  Under Section 501, Righthaven must own one of the Section 106 rights in order to

3   file suit, meaning that ownership intertwines standing and the merits.  *Silvers*, 402 F.3d at 890.

4   Indeed, Righthaven has conceded that standing is intertwined with the merits. *Righthaven LLC v.*

5   *Eiser*, No. 2:10-cv-03075-RMG, Dkt. 68 at 6-7 (D. S.C., opposition to motion to dismiss filed

6   Aug. 8, 2011).

7         "In ruling on a jurisdictional motion involving factual issues which also go to the

8   merits . . . a resolution of the jurisdictional facts is akin to a decision on the merits."  *Augustine v.*

9   *United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *see also Safe Air for Everyone v. Meyer*, 373

10  F.3d 1035, 1040 (9th Cir. 2004) (reviewing "dismissal for lack of subject matter jurisdiction . . . as

11  a grant of summary judgment on the merits" when merits were intertwined with jurisdiction).[1]

12  Other circuits agree.  *Tilton v. Richardson*, 6 F.3d 683, 685 (10th Cir. 1993), *cert. denied*, 510

13  U.S. 1093 (1994) ("the question of whether the court had subject matter jurisdiction was

14  intertwined with the merits of the case, and therefore the district court should have ruled on the

15  merits . . ."); *Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003) ("Where the challenge

16  to the court's jurisdiction is also a challenge to the existence of a federal cause of action . . . the

17  district court should find that it has jurisdiction over the case and deal with the defendant's

18  challenge as an attack on the merits."); *Clark v. Tarrant County, Texas*, 798 F.2d 736, 742 (5th

---

[1] Here, the issue came before the Court on an Order to Show Cause, consistent with Rule 56(f), which provides that the Court may enter summary judgment on its own motion after providing notice to the parties and an opportunity to respond.  Righthaven was afforded the opportunity to present evidence, and did so in response to the OSC, but it has pointed to no genuine issues of material fact as to whether or not it owned the copyright in issue.  *Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (party opposing summary judgment "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'") (quoting former Fed. R. Civ. P. 56(e)) (emphasis in *Matushita*).  Nor would more discovery be appropriate or necessary. *Precision Airmotive Corp. v. Rivera*, 288 F. Supp. 2d 1151, 1154 (W.D. Wash. 2003) ("A continuance is not justified when all the information and knowledge is already in Plaintiff's possession.").  Furthermore, "A party is 'fairly appraised' that the court will in fact be deciding a summary judgement [sic] motion if that party submits matters outside the pleadings to the judge and invites consideration of them"  *In re Rothery*, 143 F.3d 546, 549 (9th Cir. 1998); *see also U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) (citing *In re Rothery*, finding party "fairly appraised" when party submitted "two declarations outside the pleadings in support of his opposition."); *see* Dkt. 26 and 27 (declarations outside the pleading submitted by Righthaven).

1  Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)).  Thus, whether

2  framed as a decision on standing, jurisdiction, justiciability, or ownership, the dismissal by this

3  Court is a dismissal on the merits that should dismiss with prejudice.

4      *HyperQuest, supra,* is particularly instructive on the relationship between standing and

5  merits when there is no copyright ownership.  In that case, Judge Shadur first dismissed

6  HyperQuest's claims due to lack of ownership of any exclusive right in the copyright, ordering

7  that "both the complaint and this action are dismissed for lack of subject matter jurisdiction."

8  *HyperQuest*, 559 F. Supp. 2d at 923.  HyperQuest then argued that this order did not provide a

9  basis for defendant's recovery of attorneys' fees because it was only a ruling on jurisdiction, not a

10 decision on the merits.  HyperQuest made the same argument Righthaven makes here—that a

11 dismissal for lack of standing is a dismissal for lack of jurisdiction that precludes dismissal with

12 prejudice.  Judge Shadur rejected that argument.

13     Judge Shadur explained that, while his initial use of the term "jurisdiction" might have led

14 to confusion, "[t]here is no question that the Order dismissed HQ's action with prejudice—

15 because HQ lacks standing, it cannot bring suit again."  *Id*. at 921.  In so ruling, Judge Shadur

16 stressed the distinction between lack of jurisdictional power to decide a case (which would

17 normally dictate a dismissal without prejudice), and lack of standing to assert a federal question

18 the court was empowered to decide:

19 > [S]tanding and *subject matter* jurisdiction are separate questions . . . .  While
20 > standing, which is an issue of justiciability . . . addresses the question whether a
> federal court may grant relief to a party in the *plaintiff*'s position, subject matter
> jurisdiction addresses the question whether a federal court may grant relief to *any*
21 > plaintiff given the claim asserted.  Thus, although both subject matter jurisdiction
> and standing . . . act to limit the power of federal courts to entertain claims, that is,
22 > act to limit the courts' "jurisdiction" in the broadest sense of the term, the two must
> be treated distinctly.
23

24 *HyperQuest,* 59 F. Supp. 2d at 920 (internal citations omitted) (quoting *Rent Stabilization Ass'n v.*

25 *Dinkins*, 5 F.3d 591, 594 n.2 (2d Cir. 1993) (emphasis in original).

26     Even more recently, in *Fleischer Studios, Inc. v. A.V.E.L.A.*, *Inc., supra*, the Ninth Circuit

27 had occasion to review a decision finding that the plaintiff, like Righthaven, was unable to prove

28 ownership, and "thus lacked standing to sue."  *Fleischer Studios*, 2011 WL 3633512, at *1.  While

AMICI CURIAE RESPONSE TO COURT　　　　　-5-　　　　　CASE NO. 2:10-cv-01575-JCM (PAL)
ORDER FOR FURTHER BRIEFING

1  noting that "[t]he district court had jurisdiction pursuant to 28 U.S.C. § 1338(a)," the Ninth Circuit
2  affirmed the decision that the plaintiff lacked standing.  This recognition of the distinction
3  between standing (based on ownership) and ordinary subject matter jurisdiction puts the Ninth
4  Circuit squarely on the same page as the Seventh Circuit and *HyperQuest.*

5  The District of Utah put it well in *Morris v. Khadr*, explaining that if the merits and
6  jurisdictional issues are intertwined, then the court must consider the facts, and "that dismissal will
7  be with prejudice because it necessarily involves the complaint's merits." *Morris v. Khadr*, 415 F.
8  Supp. 2d 1323, 1332 n.36 (D. Utah 2006).  Accordingly, the dismissal of this matter must be with
9  prejudice.  *See also Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1146 (9th Cir. 2008)
10 (affirming dismissal with prejudice where plaintiff was "neither an exclusive licensee nor a co-
11 owner in the nine copyrights, [and therefore] lacks standing to bring the copyright infringement
12 claims"); *Gerlinger v. Amazon.com Inc.*, 526 F.3d 1253 (9th Cir. 2008) (affirming dismissal with
13 prejudice for lack of standing).

### D.  Righthaven Has Ignored the Intertwining of Standing and the Merits, and for this Reason its Cases are Distinguishable

16 Righthaven has argued that dismissal for standing is not with prejudice, using a simplistic
17 but inapt syllogism.  It claims that (i) dismissals purely for lack of jurisdiction generally do not
18 constitute dismissals on the merits, and (ii) lack of standing is often equated with lack of
19 jurisdiction, and therefore, *ipso facto*, (iii) a dismissal for lack of standing must be without
20 prejudice or preclusive effect.  Righthaven Reply (Dkt. 62) at 6.  But as just demonstrated, this
21 syllogism most certainly does not apply where the merits and jurisdiction intertwine.

22 None of Righthaven's generic authorities have addressed the present situation, where the
23 determination of lack of standing is intertwined with determination of the merits and therefore
24 constitutes a decision on the merits.  Nor do any of Righthaven's authorities discuss the specific
25 situation where a copyright claim is dismissed for lack of ownership.  Righthaven's prior briefs
26 have simply ignored the numerous authorities cited by *amicus* Democratic Underground on this
27 point.  *Compare* Dkt. 50 *with* Dkt. 62.  Righthaven also ignores the numerous Ninth Circuit cases
28 cited above in which dismissal with lack of standing constitute dismissals with prejudice.  And it

ignores the decisions, such as *Pannonia Farms, Inc. v. Re/Max Int'l, Inc.*, 407 F. Supp. 2d. 41, 43 (D. D.C. 2005), in which the courts have given determination of lack of copyright ownership preclusive effect as decisions on the merits. *See also Pony Express Records, Inc. v. Springsteen*, 163 F. Supp. 2d 465 (D. N.J. 2001) (giving collateral estoppel effect to British court's determination that plaintiff did not own copyright).

None of the cases originally cited by Righthaven (Dkt. 44 at 14, n.5) are on point or change the fact that the Court's decision involves both the merits and jurisdiction. In *HT Litig. Trust v. Jess Rae Booth*, No. 07-56381, 2008 WL 5227300 (9th Cir. Dec. 16, 2008), the Ninth Circuit affirmed the "district court's order dismissing *with prejudice* the Trust's first amended complaint for lack of standing." *HT Litig. Trust,* 2008 WL 5227300, at *1. In *Harris v. Amgen, Inc.,* 573 F.3d 728 (9th Cir. 2009), the Ninth Circuit found that the plaintiff actually did have constitutional and statutory standing. In *Univ. of Pittsburgh v. Varian Med. Sys.*, 569 F.3d 1328 (Fed. Cir. 2009), the Federal Circuit allowed the actual owner to join the lawsuit and cited, with approval, *Sicom Sys., Ltd. v. Agilent Techs., Inc.,* 427 F.3d 971 (Fed. Cir. 2005), where dismissal with prejudice was appropriate because the suit "was Sicom's second suit that was dismissed for lack of standing" and because "Sicom already had a chance to cure the defect and failed." *Id.* at 980. Likewise, Righthaven has had more then enough chances to cure the insurmountable defects.

Righthaven's reliance on Fed. R. Civ. P. 41(b) is also misplaced. Nothing in the text of Rule 41(b) precludes this Court from dismissing the lawsuit with prejudice. That rule protects plaintiffs where dismissal is based on purely procedural aspects of a case, such as failure to prosecute, comply with the Federal Rules or a court order. Instead, the case here is one where plaintiff failed to prove an essential element of its claim – copyright ownership.

In fact, Rule 41(b) provides a general presumption that a dismissal *is* an adjudication on the merits "[u]nless the dismissal order states otherwise," but excepts from that structure dismissals "for lack of jurisdiction, improper venue, or failure to join a party under Rule 19" – purely matters of procedure. Thus *HyperQuest's* holding that dismissal based on lack of ownership of a copyright is an adjudication on standing and on the merits is entirely consistent with Rule 41(b). *Accord Fleischer Studios, supra*. Moreover, *amici* know of no Court (and

Plaintiff has cited none to date) that has held that Rule 41(b) requires that a dismissal based on standing intertwined with the merits be without prejudice.

### E. The Restated Amendment Does Not Prevent a Dismissal With Prejudice

Righthaven has previously argued that the numerous dismissals entered against it should be considered without prejudice because this Court has not yet adjudicated whether the so-called "Amended and Restated Strategic Alliance Agreement" ("Restated Amendment," Dkt. 57, Ex. 1)—as collusively entered between Righthaven and Stephens Media—has manufactured adequate standing to sue.  Righthaven Reply (Dkt. 62) at 6.  Should Righthaven raise the same argument to assert that this dismissal should be without prejudice, it fails in two respects.  First, it ignores the fact that, in determining that Righthaven lacked ownership, this Court necessarily determined the merits of Righthaven's claim.  As discussed in detail above, Righthaven has already lost on the merits of its ownership claim, requiring dismissal on the merits of any claim under the SAA.

Second, to the extent there were any reason thereafter to consider the impact of the Restated Amendment (and there is not), this Court has also already adjudicated that the Restated Amendment simply contradicts the original SAA.[2]  As summarized in the Court's August 12 Order:

> [W]hile Plaintiff attempts to present the restated SAA as simply "restating" the original SAA document, the restated SAA's terms substantially contradict the original SAA and the clarification, as well as the business objectives of the RHOA. These contradictions cannot be reconciled with the original complaint. Righthaven cannot cure its lack of ownership at the initiation of this lawsuit by means of a *nunc pro tunc* amendment.

August 12 Order (Dkt. 67) at 6:7-12.  Accordingly, since the Restated Amendment cannot, by a wave of the pen, simply rewrite the past to negate this Court's decisions, this lawsuit must be dismissed with prejudice.  Just because Righthaven is unhappy with the facts it originally created

---

[2] The Restated Amendment's statement of the parties' intent contradicts this Court's findings of the parties' actual intent.  August 12 Order at 6.  Plaintiff's purported conveyance of a "non-exclusive" license contradicts the original's grant back of an exclusive license.  Righthaven's assertion, *nunc pro tunc*, that it had the right to exploit the assigned copyrights for the last 18 months contradicts reality—that Righthaven has had nothing other than the right to sue.

and submitted to the courts to support its claims of ownership, this does not entitle it to declare a "mulligan," and submit contradictory facts in an attempt to avoid the adverse ruling.

Judge Roger Hunt's August 24 ruling in *Democratic Underground* confirms the propriety of deciding that Righthaven cannot change the past. *See* August 24, 2011 Order, *Righthaven, LLC v. Democratic Underground, LLC*, No. 2:10-cv-01356-RLH (Dkt. 157). In that case, after Righthaven's complaint was dismissed for lack of ownership, Democratic Underground is proceeding with a declaratory relief action against Stephens Media as real party in interest. When Righthaven attempted to intervene, based on its purported ownership created by the Restated Amendment, Judge Hunt refused to permit it, confirming that no matter how Righthaven phrases it, it cannot change the facts in the past with *nunc pro tunc* amendment. As of the filing of the *Pahrump Life* complaint (and the *Democratic Underground* complaint and many others), Righthaven did not own any of the Section 106 rights that were necessary for its cause of action. Although Judge Hunt did not decide whether or not a future claim by Righthaven could *ever* be tenable, he did emphasize his well-founded doubts:

> The Court is dubious as to whether Righthaven can essentially create standing in the middle of a case so as to either prosecute the case independently or intervene. Further, the Court questions whether Righthaven can even have a legitimate interest under any agreement (no matter the rights purportedly transferred) because Stephens Media and Righthaven's arrangement seems very much like a contingency fee arrangement with an entity unauthorized to practice law.

*Id.* at 4; *see also* Transcript of *Democratic Underground* Sanctions Hearing (Dkt. 58-2) at 14:18-20.[3]

Likewise, this Court need not rule today on whether Stephens Media could *ever* assign its copyrights to a third-party in the future in some new and *bona fide* transaction. But what it has

---

[3] Judge Hunt also stated, later in his opinion, that Stephens Media's inability to bring an affirmative claim against Democratic Underground did not prejudice Righthaven because, if Stephens Media did prevail on the issues of Democratic Underground's alleged infringement, Righthaven could then bring its own affirmative claim "assuming that its interest in the copyright is sufficient at that time." *Id*. at 6. This comment does not imply that Judge Hunt believes that Righthaven actually could create a new right to sue in the future; rather, having expressed doubts about that, Judge Hunt merely left the issue open, noting that, to the extent Righthaven conceivably *could* ever have a protectable interest, such hypothetical interests are not being prejudiced.

1  determined is that the assignment to Righthaven at issue in this action—as embodied in the
2  Strategic Alliance Agreement and the Righthaven Operating Agreement's restrictions on
3  Righthaven's conduct—was insufficient.  Its dismissal with prejudice should conclusively
4  determine that no claim may be made under the SAA, however it might be rewritten in an attempt
5  to change the past.

6  In sum, because this Court has denied Righthaven's motion to amend its complaint, it need
7  not rule on the Restated Amendment to decide that this dismissal must be with prejudice, as no
8  amendment can change the facts in the past.  Should this Court decide to consider the Restated
9  Amendment, for the reasons previously argued by *amici* and due to the indisputable contradictions
10 noted by this Court, the document fails to confer standing or to change the results that no claim
11 exists under the SAA.[4]

### III.   CONCLUSION

13 This Court has made a finding that Righthaven has failed to prove copyright ownership in
14 this case. As such, it has found that Righthaven has failed to show injury-in-fact. Because they are
15 intertwined, it has also found that Righthaven has failed to prove a required element of its
16 copyright claim on the merits.  Therefore, a determination on the merits has been made and this
17 case should be dismissed with prejudice. For the reasons stated above, this Court's dismissal of
18 this matter should be with prejudice.

---

[4] Curiously, Righthaven has previously asserted that *amici* do not dispute Righthaven's ownership under the Restated Amendment. *See e.g* Dkt. 62 at 4.  This is incorrect.  To forestall any such Righthaven's brief, *amici* expressly dispute Righthaven's ownership pursuant to either the SAA, the May 9 Clarification, and/or the Restated Amendment that attempt to contradict it.

| | | |
|---|---|---|
| 1 | Dated:   August 30, 2011 | FENWICK & WEST LLP |
| 2 | | |
| 3 | | By:   *s/ Laurence F. Pulgram* |
| 4 | |         Laurence F. Pulgram |
| 5 | | Attorneys for *Amicus Curiae*<br>Democratic Underground, LLC |
| 6 | | Chad Bowers |
| 7 | | CHAD A. BOWERS, LTD |
| 8 | | Attorney for *Amici Curiae*<br>Democratic Underground, LLC and<br>Prof. Jason Schultz |
| 9 | | |
| 10 | | J. Todd Kincannon<br>THE KINCANNON FIRM |
| 11 | |    - and- |
| 12 | | Clyde DeWitt |
| 13 | | LAW OFFICES OF CLYDE DeWITT, APC |
| 14 | | Attorneys for *Amicus Curiae*<br>Citizens against Litigation Abuse, Inc. |