Shawn A. Mangano, Esq. (Bar No. 6730)
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702 922-3851
shawn@manganolaw.com

Dale M. Cendali, Esq. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
dale.cendali@kirkland.com

*Attorneys for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PAHRUMP LIFE, an entity of unknown origin and nature; MAREN SCACCIA, an individual; and MICHAEL SCACCIA, an individual,<br><br>　　　　Defendants. | Case No. 2:10-CV-1575-JCM-(PAL)<br><br>**PLAINTIFF RIGHTHAVEN LLC'S RESPONSE TO ORDER FOR FURTHER BRIEFING** |

Righthaven LLC ("Righthaven") hereby responds to the Court's August 12, 2011 Order Dismissing Righthaven's Complaint and Denying Plaintiff's Motion to Amend Its Complaint (Dkt. No. 67) (the "Order"), which requested further briefing by the parties.

## PRELIMINARY STATEMENT

The weight of binding precedent makes the decision of whether to dismiss this case with or without prejudice an easy one. The precedent of the Supreme Court and this Circuit make clear that when a court determines that it lacks jurisdiction to hear a suit because a plaintiff lacks standing, dismissal of the action must necessarily be without prejudice. Moreover, once a court determines it lacks jurisdiction, it is foreclosed from reaching the merits of the action. These rules exist to protect plaintiffs whose lawsuits are dismissed for lack of standing from forever losing their day in court even when subsequent events cure the perceived jurisdictional deficiency.

Here, for example, there is no question that the Defendants make their living by using other people's works without compensation and that Defendants posted the article at issue on their website without authorization. It is also clear that Stephens Media executed an assignment of its copyrights to Righthaven, which seeks to vindicate those rights by pursuing legal action based on Defendants' unauthorized use. If, as the Court has held, Righthaven's Strategic Alliance Agreement with the original copyright owner, Stephens Media, served to undermine that assignment, Righthaven should be given the opportunity to modify that agreement to enable a complete assignment. To hold otherwise would effectively grant Defendants a license to infringe, and would be contrary to Supreme Court precedent and long-held common law principles promoting freedom to contract.

Ultimately, this decision is not just about the parties to this action. Plaintiffs—not just in copyright disputes, but in all lawsuits—should be able to cure a perceived lack of standing, if not by amendment, then by bringing a new suit. That is why courts in this Circuit have found dismissal with prejudice to be improper. Indeed, dismissing a copyright infringement action with prejudice because of perceived deficiencies in the chain of title is

1

tantamount to holding that parties who make alleged errors in assignment documents may not correct those purported errors and effectively transfer the ownership of rights and the ability to protect those rights.[1]  That is not—and should not be—the law.

Finally, the basis for this Court's dismissal—lack of standing—makes dismissal with prejudice improper for another reason.  A dismissal based on lack of standing is equivalent to a dismissal for lack of subject matter jurisdiction.  If the Court lacks subject matter jurisdiction, it cannot rule on the merits of a claim.  A dismissal with prejudice, however, is considered a ruling on the merits of a claim, and thus cannot be made where the court dismisses the case for lack of standing.  For the same reason, the Court cannot address the merits of Righthaven's copyright infringement action.

## **ARGUMENT**

In the Order, the Court requested further briefing on two topics related to Righthaven's ownership of the copyright in the article titled "Warden, other employees resign from prison in escape fallout" ("Warden").  Order 6:16–22.  First, the Court requested that the parties address the relationship of Righthaven's ownership to its standing in this case.  Second, the Court requested that the parties address the connection between Righthaven's ownership and the merits of Righthaven's copyright infringement claim.  The Court also requested briefing on how these two issues affect whether this matter should be dismissed with or without prejudice.

The law is clear.  A finding by this Court that Righthaven lacked standing to bring this action requires that any dismissal be without prejudice.  Moreover, a dismissal for lack of standing precludes this Court from reaching the merits of Righthaven's copyright infringement claim.  *See Wasson v. Brown*, 316 Fed. App'x. 663, 664 (9th Cir. 2009) ("Because [the plaintiff] lacked standing, the district court lacked subject matter jurisdiction

---

[1] As of this filing, Righthaven has appealed the decisions in *Hoehn* and in *DiBiase* (which incorporated the standing analysis set forth in the *Democratic Underground* decision) on the grounds that, among other things, the Assignment in view of the original SAA properly conveyed Righthaven standing to sue for at least past, accrued copyright infringement claims.

2

to address the merits of his claim and should have dismissed it without prejudice."). Moreover, although copyright ownership is relevant to both standing and the merits of this action, courts in this Circuit are clear that a lack of copyright ownership precludes reaching the merits of a claim and requires dismissal for lack of jurisdiction. *Giddings v. Vision House Prod., Inc.*, 584 F. Supp. 2d 1222, 1229 (D. Ariz. 2008); *see also Nafal v. Carter*, 388 F. App'x. 721, 723 (9th Cir. 2010) (discussing copyright ownership as a standing issue); *Idearc Media Corp. v. Nw. Directories, Inc.*, 623 F. Supp. 2d 1223, 1227 (D. Or. 2008) (same).

## I. A DISMISSAL FOR LACK OF STANDING MUST BE WITHOUT PREJUDICE

There can be no doubt that the requirement that a plaintiff have standing is jurisdictional in nature—both the Supreme Court and the Ninth Circuit have recognized as much. *Allen v. Wright*, 468 U.S. 737, 750–51 (1984) ("Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction . . ."); *D'lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (describing standing as a jurisdictional issue); *Equity Lifestyle Props., Inc. v. San Luis Obispo*, 548 F.3d 1184, 1189 (9th Cir. 2007) (considering the "jurisdictional issue" of standing). Similarly, the Tenth Circuit has held that "standing is a jurisdictional mandate," *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006), and the court in *Morris v. Zusman* found that "[l]ack of standing is a jurisdictional bar to the maintenance of an action." No. 3:09 Civ. 620, 2011 WL 3236213, at *15 (D. Or. July 28, 2011). Moreover, cases cited by this Court in the Order reached the same conclusion. *Bushnell, Inc. v. Brunton Co.*, 659 F. Supp. 2d 1150, 1157 (D. Kan. Sept. 3, 2009) ("Standing to sue is jurisdictional."); *see also Righthaven LLC v. Democratic Underground*, No. 2:10 civ. 1356, 2011 WL 2378186, at *6 (D. Nev. June 14, 2011) (describing lack of standing as "jurisdictional defect"); *Righthaven, LLC v. Hoehn*, No. 2:11 Civ. 50, 2011 WL 2441020, at *4 (D. Nev. June 20, 2011) (finding issue of standing to be central to determination of subject matter jurisdiction).

3

Similarly, the cases are clear that "dismissal on jurisdictional grounds is necessarily dismissal without prejudice, in that it precludes adjudication of the merits of the dismissed claim." *Morris*, 2011 WL 3236213, at *15. As the Supreme Court has held, "dismissal on a ground not going to the merits" does not prevent a subsequent action on the same claim. *Costello v. United States*, 365 U.S. 265, 285–86 (1961). Moreover, as the Supreme Court recognized in *Costello*, Federal Rule of Civil Procedure 41(b) has essentially codified this common law rule. *See* Fed. R. Civ. P. 41(b) ("[A]ny dismissal . . . —*except one for lack of jurisdiction . . .* —operates as an adjudication on the merits." (emphasis added)). Further, as the Tenth Circuit has recognized, "[a] longstanding line of cases . . . holds that where the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice." *Brereton*, 434 F.3d at 1216. In other words, as "standing is a jurisdictional mandate, a dismissal with prejudice for lack of standing is inappropriate and should be corrected to a dismissal without prejudice."[2] *Id.*

Here, the Court determined that the relevant inquiry was whether standing existed at the time the complaint was filed—in other words, on September 14, 2010. Order 4:2–5. This Court thus determined essentially that Righthaven could not go back in time to "cure its lack of ownership at the initiation of this lawsuit." Order 6:11. As such, the Court found that Righthaven lacked standing when it filed suit. As dismissal for lack of standing is

---

[2] Deciding whether Righthaven can amend its complaint is different from deciding whether Righthaven should be foreclosed from filing a new action based on new jurisdictional facts. Thus, the *Newman-Green, Inc. v. Alfonzo-Larrain* decision is not germane to this issue. *Newman-Green* merely addressed whether a lack of diversity jurisdiction could be remedied by amendment of the complaint in the existing action. 490 U.S. 826, 830 (1989). The Court determined only that jurisdiction "ordinarily depends on the facts as they exist when the complaint is filed," and that 28 U.S.C. § 1653 does not change that scheme as it only "allows appellate courts to remedy inadequate jurisdictional allegations . . . not defective jurisdictional facts." *Id.* at 830–32. Thus, the *Newman-Green* decision was solely directed at the issue of whether an amendment could cure a pleading that was defective at the time of filing. It did not discuss the issue of whether subsequent facts could give rise to a new lawsuit. Rather, the jurisdictional facts that exist at the time the new action is commenced will become those pertinent to any such inquiry. *See Costello*, 365 U.S. at 268, 288 (permitting subsequent action where initial complaint did not attach document required to establish jurisdiction, but new complaint did attach such a document).

jurisdictional, Rule 41(b) and binding precedent, including precedent previously cited by this Court, require that any dismissal be without prejudice.  Righthaven should have the opportunity, should it wish to do so, to file a new action based on subsequent events—such as the execution of the Restated and Amended SAA on July 7, 2011—that were not in existence at the time the original complaint was filed and have never been judicially addressed.[3]

## II.   THIS COURT CANNOT PROCEED TO THE MERITS OF RIGHTHAVEN'S CLAIM AFTER DISMISSING THIS ACTION FOR LACK OF STANDING

As this Court has already determined that it does not have jurisdiction over this action due to Righthaven's lack of standing, it cannot and should not reach the merits of Righthaven's copyright infringement claim.  "The jurisdictional question of standing precedes, and does not require, analysis of the merits." *Equity Lifestyle*, 548 F.3d at 1189 n.10.  In other words, "once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determinations of the merits of the underlying claim." *Brereton*, 434 F.3d at 1217; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *Fleck & Assocs., Inc. v. Phoenix*, 471 F.3d 1100, 1106 (9th Cir. 2006) (finding that because "the district court lacked subject matter jurisdiction over the entirety of [the plaintiff's] complaint," it "erred by reaching the merits," and remanding with "instructions to dismiss without prejudice").  As such, it would be inappropriate for this Court to make determinations as to the merits of

---

[3] Notably, none of the cases discussed by this Court in the Order dismissed Righthaven's actions with prejudice. *See Righthaven LLC v. Mostofi*, No. 2:10 Civ. 1066, 2011 WL 2746315, at *5 (D. Nev. July 13, 2011); *Righthaven LLC v. Barham*, No. 2:10 Civ. 2150, 2011 WL 2473602, at *2 (D. Nev. June 22, 2011); *Hoehn*, 2011 WL 2441020, at *11; *Democratic Underground*, 2011 WL 2378186, at *9.  Each case was silent on the issue of whether the dismissal was with or without prejudice, and pursuant to Federal Rule 41(b), unless a court states otherwise, a dismissal for lack of jurisdiction is not an adjudication on the merits.  Fed. R. Civ. P. 41(b).  Thus, each of the actions cited above was necessarily dismissed without prejudice.

Righthaven's copyright infringement claim after deciding that Righthaven's lack of standing denied it jurisdiction.

Moreover, while "ownership of a valid copyright" is required to establish the merits of a copyright infringement claim, *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991), courts in this Circuit have concluded that ownership goes to the plaintiff's standing, not the merits of the dispute. *Giddings*, 584 F. Supp. 2d at 1229 (concluding that lack of copyright ownership precludes reaching the merits of the claim and requires dismissal for lack of subject matter jurisdiction); *see also Nafal*, 388 F. App'x. at 723 (discussing copyright ownership as a standing issue); *Idearc*, 623 F. Supp. 2d at 1227 (discussing copyright ownership as basis for standing before addressing other copyright infringement elements). Despite this Court's finding that Stephens Media had not conveyed at the time this suit was filed sufficient rights to grant Righthaven the ability to bring a lawsuit against Defendants based on their infringing activities, it may yet do so.[4] As the Ninth Circuit recognized in *Silvers v. Sony Pictures Entertainment*—a case relied on by this Court in the Order—the purchaser of a copyright may bring an infringement lawsuit not only for future, but past infringement. 402 F.3d 881, 890 (9th Cir. 2005). Similarly, cases previously cited by this Court have found that "the right to sue for past infringement can be transferred to another party." *Hoehn*, 2011 WL 2441020, at *4; *see also Domestic Underground*, 2011 WL 2378186, at *3. In fact, courts in this Circuit have held that a transfer of accrued claims may be part of either the assignment or transfer agreement itself or a separate agreement. *Oracle Corp. v. SAP AG*, 734 F. Supp. 2d 956, 961 (N.D. Cal. 2010). Moreover, "the weight of authority holds that a document executed subsequent to the transfer may effectively convey to the transferee the right to sue for infringements occurring prior to the transfer, even where the subsequent assignment of the right to sue was executed after the commencement of litigation by the transferee." *Id.* at 961; *see also Wade Williams Distrib.,*

---

[4] In fact, as described in Righthaven's Supplemental Memorandum in Support of Its Motion for Leave to File an Amended Complaint (Dkt. No. 57), the Restated and Amended SAA, executed on July 7, 2011, does just that.

*Inc. v. Am. Broad. Co.*, 2005 WL 774275, at *4 (S.D.N.Y. Apr. 5, 2005) ("[A] copyright assignment, including the right to sue for past, present and future infringements is a sufficient basis for the continued maintenance of a plaintiff's claim, even though it was conveyed subsequent to the commencement of the action." (alterations and internal quotation marks omitted)).  Thus, Righthaven and Stephens Media may yet enter into an agreement that this Court would agree grants Righthaven the right to sue based on Defendants' infringing conduct.  Because of this possibility, Righthaven should not be prejudiced by an order prohibiting it from bringing a subsequent suit because it lacked standing at the time this action was filed.

To hold otherwise would be contrary to Supreme Court precedent and long-held common law principles promoting freedom to contract.  *See Sprint Commc'n Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 275–85 (2008) (summarizing history and precedents supporting freedom to contract); *Morta v. Korea Ins. Corp.*, 840 F.2d 1452, 1460 (9th Cir. 1988) ("Despite recent cynicism, sanctity of contract remains an important civilizing concept. . . . It embodies some very important ideas about the nature of human existence and about personal rights and responsibilities: . . . [including] that courts will respect the agreements people reach . . ."); *see also Twin City Pipe Line Co. v. Harding Glass Co.*, 283 U.S. 353, 356 (1931) ("The general rule is that competent persons shall have the utmost liberty of contracting and that their agreements voluntarily and fairly made shall be held valid and enforced in the courts."); 5 *Williston on Contracts* § 12:3 ("public policy . . . requires that parties . . . must have the greatest freedom of contracting, and contracts, when entered into freely and voluntarily, must be upheld and enforced by the courts").  In *Spring Communications*, for example, the Supreme Court recognized that even if it were to find a lack of standing, such a "holding could easily be overcome" by rewriting the agreement between the parties so that they could meet the jurisdictional requirements.  *Id.* at 289.  Thus, the Supreme Court determined that "the far more sensible course [was] to abide by . . . history and tradition" and find that the plaintiff possessed standing.  *Id.*

That the facts underlying a lawsuit may change after a dismissal without prejudice so as to allow a plaintiff to bring a subsequent lawsuit based on those changed facts is recognized in the copyright context as well.  For example, 17 U.S.C. § 411(a) requires registration as a prerequisite to bringing a civil copyright infringement action.  Yet, even when courts find that a plaintiff has yet to satisfy that procedural prerequisite, they will either (a) dismiss such suits without prejudice recognizing that the plaintiff may yet acquire a copyright registration and file a subsequent action, or (b) permit such suits because a dismissal would be a waste of judicial resources when the plaintiff can file a subsequent action after the copyright registration is granted.  *See, e.g., Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 620 (9th Cir. 2010) (quoting 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][1][a][i] (2008) ("[G]iven that the claimant . . . will ultimately be allowed to proceed regardless of how the Copyright Office treats the application, it makes little sense to create a period of 'legal limbo' in which suit is barred.")); *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 39 (D.D.C. 2007) (permitting suit despite lack of copyright registration because plaintiff could bring subsequent suit if copyright application matured into registration or if registration was refused); *Mays & Assocs. v. Euler*, 370 F. Supp. 2d 362, 369 (D. Md. 2005) (dismissing suit without prejudice despite Copyright Office had yet to register copyrights for the works in question).  As the Ninth Circuit recognized in *Cosmetic Ideas*, even if a lawsuit were dismissed for failure to comply with § 411, the plaintiff would be able to refile the lawsuit once the Copyright Office took action.  606 F.3d at 620 ("It makes little sense to dismiss a case (which will likely be refiled in a matter of weeks or months) simply because the Copyright Office has not made a prompt decision . . .").  In other words, the Ninth Circuit recognizes that lawsuits may be refiled when underlying facts change subsequent to the filing of the original complaint in the existing action.  Thus, there is little question that any dismissal must be without prejudice at which time Righthaven will be permitted to change its agreements and bring a subsequent action based on new jurisdictional facts.

Finally, in *amicus curiae* Democratic Underground LLC's Reply in Support of Amicus Brief, Democratic Underground cited three cases that it argued supported a dismissal with prejudice. DU Rpl. Br. 17:9–18:4. Those cases, however, are inapposite to the facts at issue here. The decision in *Safe Air for Everyone v. Meyer* turned on the determination that the statutory definition of the term "solid waste" in the Resource Conversation and Record Act did not include "grass residue." 373 F.3d 1035, 1047 (9th Cir. 2004). As the plaintiff's claim was predicated on "grass residue" being covered by the Act, the court's interpretation that "grass residue" was not covered necessarily decided both jurisdiction and the merits. Similarly, *Willison Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean, Geological Formation* involved the construction of two provisions of the National Gas Act, which also necessarily decided both jurisdiction and the merits. 524 F.3d 1090, 1094–95 (9th Cir. 2008). In other words, in both *Meyer* and *Willison Basin*, the courts' interpretations of the underlying statutes made it impossible for the plaintiffs to refile based on subsequent changes to the jurisdiction facts. Here, by contrast, there is no question of statutory interpretation presented and, as described above, it is clear that with a valid assignment, Righthaven would be permitted to bring a copyright infringement action against Defendants for their infringing conduct. Thus, given that the jurisdictional facts of this case may change such that Righthaven would be permitted to bring a subsequent action, neither *Meyer* nor *Willison Basin* is relevant to this action. Finally, the Second Circuit in *Lerner v. Fleet Bank* explicitly distinguished *Lerner* from other cases because "RICO standing, unlike other standing doctrines is sufficiently intertwined with the merits of the RICO claim that such a rule would turn the underlying merits questions into jurisdictional issues." 318 F.3d 113, 116–17 (2d Cir. 2003). Neither Defendants nor the *amici curiae* have cited to any cases holding that standing in a copyright case is similarly intertwined, nor can they, as the question of ownership is decidedly jurisdictional in nature. *See Giddings*, 584 F. Supp. 2d at 1229. As such, traditional standing rules apply and this

9

Court may not reach the merits of Righthaven's claim after having determined that it lacks jurisdiction.

## CONCLUSION

For the foregoing reasons, Righthaven respectfully requests that the Court dismiss the Complaint without prejudice.

DATED:  August __, 2011            Respectfully submitted,

/s/ Shawn A. Mangano
Shawn A. Mangano, Esq. (Bar No. 6730)
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702 922-3851
shawn@manganolaw.com

Dale M. Cendali, Esq. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
dale.cendali@kirkland.com

*Attorneys for Plaintiff Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 30th day of August, 2011, I caused the foregoing document to be served by the Court's CM/ECF system and to be served via electronic mail and U.S. Mail to:

Michael Scaccia:
4191 West Quail Run Road
P.O. Box 9466
Pahrump, Nevada 89060
pahrumplife@yahoo.com

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.